H. A. GREGG, *Respondent*, v. LOUIS BEEZER *et al.*, *Appellants*.[1]

[1] APPEAL (282)—STATEMENT OF FACTS—NECESSITY TO REVIEW ORDERS. Error in excluding all evidence in support of defendants' affirmative defense is sufficiently shown without any bill of exceptions or statement of facts, by the entry of an order at the trial reciting "Plaintiff's demurrer to defendants' affirmative defense sustained. Exception," and by preliminary recitals in the findings of fact to the effect that the court had sustained plaintiff's objection to the introduction of any evidence sustaining the allegations of such defense.

[2] ELECTION OF REMEDIES (1)—REMEDIES SUBJECT TO ELECTION. A party induced by false representations to make a settlement has the right to elect to recover damages for the deceit without seeking cancellation or rescission of the settlement, and may offset the same against a claim made by plaintiff upon the agreement.

[1]Reported in 252 Pac. 692.

[3] JUDGMENTS (147)—COLLATERAL ATTACK—NATURE OF PROCEEDING.
An affirmative defense interposed to recover damages for deceit
in procuring a compromise, and a judgment dismissing a suit
with prejudice, is not a collateral attack upon the judgment.

[4] DAMAGES (101)—PLEADING—SPECIAL DAMAGES—STATEMENT OF
EXPENSES INCURRED. An allegation that defendant was induced
by false representations to assume an obligation of approxi-
mately seven hundred dollars, when in fact it amounted to
twelve hundred dollars, sufficiently shows that the defendant
would be damaged if compelled to pay the obligation.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered February 10, 1925,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Reversed.

*Arnold R. Beezer* and *Alfred J. Schweppe,* for ap-
pellants.

*J. L. Corrigan,* for respondent.

PARKER, J.—The plaintiff, Gregg, as assignee of St.
Joseph's Sisters of Peace, a corporation, seeks re-
covery from the defendants, Beezer Brothers, co-
partners, upon a settlement and compromise agree-
ment entered into between them, whereby, as it is
claimed, Beezer Brothers agreed to hold the Sisters
harmless from a claim of NePage McKenny Co., which
the Sisters were thereafter held for and compelled to
pay. Beezer Brothers' answer was practically wholly
affirmative, consisting of allegations of fraud and de-
ceit imputable to the Sisters inducing Beezer Brothers
to believe that the claim of the NePage McKenny Co.,
which they assumed, was in amount approximately
seven hundred dollars, when in fact it is, as is claimed
by the Sisters, approximately twelve hundred dol-
lars; which fact was not discovered by Beezer
Brothers until after their settlement with the Sisters.
A general demurrer to the affirmative defense was by
the trial court overruled, but thereafter, upon the com-

mencement of the trial, the demurrer was orally re-
newed, and the court, hearing further argument,
changed its ruling thereon, accordingly sustained the
demurrer to the affirmative defense and excluded all
evidence in support thereof. The trial proceeded;
but little evidence being called for in support of the
allegations of the complaint, since they were nearly
all admitted by the answer, apart from its affirmative
allegations. The result was findings and judgment
being entered against Beezer Brothers in favor of the
Sisters for the full amount of the claim of NePage
McKenny Co., which the Sisters had been compelled
to pay. From this disposition of the case in the su-
perior court, Beezer Brothers have appealed to this
court.

As we proceed, it will appear that the principal
question here to be decided is as to whether or not
the affirmative answer of Beezer Brothers states facts
constituting a defense to the plaintiff's alleged cause
of action. Since the facts set forth in the complaint
appear sufficiently for present purposes in the affirma-
tive allegations of the answer, we shall here sum-
marize the controlling facts as alleged therein, as fol-
lows: In April, 1923, Beezer Brothers commenced an
action in the superior court for King county seeking
recovery of the sum of twelve thousand dollars from
the Sisters. In that action, the Sisters counter-
claimed against Beezer Brothers in the sum of forty
thousand dollars. In November, 1924, that action pro-
ceeded to trial, but before the conclusion of the trial
the parties settled their differences therein involved;
the settlement being evidenced by written stipulations
thereafter made and signed by the respective parties
or their attorneys, as follows:

"It is hereby stipulated and agreed between the
above-named parties that this cause and all other

matters of controversy between the parties hereto are settled upon the following terms, to-wit:

"That the defendant shall pay to the plaintiffs the sum of $6,500 within ten days from this date, the same to be in full satisfaction of all claims and demands of every nature of the above-named parties to each other; and the plaintiffs further agree to hold the defendant harmless from the claim and demand of NePage McKenny Company for installation of telephones.

"It is further agreed that if said sum of $6,500 shall not be paid within the time aforesaid, that the plaintiffs may file this stipulation in the above cause and take judgment against defendant for said sum of $6,500, without further notice.

"Upon payment of said sum this cause shall be dismissed with prejudice and without costs, and each party shall execute a full release to the other.

"Dated this 21st day of November, 1924.

"ARNOLD R. BEEZER
"CLARENCE L. REAMES
"ALFRED J. SCHWEPPE,
        *Attorneys for Plaintiffs.*
"JOHN F. MURPHY &
"J. L. CORRIGAN,
        *Attorneys for Defendant."*

"Seattle, Washington, November 21st, 1924.

"We agree, upon payment of sixty-five hundred ($6,500) dollars mentioned in stipulation in cause No. 165419, King County Superior Court, to hold defendants harmless from all demands of NePage McKenny for installations of telephones in St. Anthony's Hospital, Wenatchee.            M. J. BEEZER
                          "LOUIS BEEZER"

"Seattle, Washington, November 26th, 1924.

"Received of St. Joseph's Sisters of Peace the sum of sixty-five hundred ($6,500) dollars, in full satisfaction, liquidation and payment of all claims and demands of every nature and description whatsoever held or asserted by the undersigned against said St. Joseph's Sisters of Peace and in consideration of the said receipt of said sum the undersigned hereby re-

lease, acquit and discharge the said St. Joseph's Sisters of Peace from all liabilities on account of any claims, demands or causes of action of whatsoever nature the same may be, and in further consideration of the payment of the said sum of sixty-five hundred ($6,500) dollars, the undersigned hereby agree to hold the defendant harmless from the claim and demand of NePage McKenny Co. for the installation of telephone equipment in St. Anthony's Hospital at Wenatchee, Washington, and the undersigned further agree, at their own cost and expense, to assume the defense of the action now pending in the superior court of King county, Washington, wherein NePage McKenny Co. is plaintiff, and either defend said action or compromise and adjust the same as they may determine and to satisfy and discharge the claim of the said NePage McKenny Co., and to indemnify and save harmless said St. Joseph's Sisters of Peace from any liability whatsoever upon the claim of said NePage McKenny Co.          Beezer Brothers,
          "by M. J. BEEZER."

On the same day of the signing of this receipt an order of dismissal was entered by the court in that action, reading as follows:

"The above cause having been fully settled and compromised and the defendant having paid to the plaintiff the full amount agreed to be paid in full satisfaction and liquidation of all claims and demands of every description claimed or asserted by either of the parties hereto against the other, now upon request of both parties hereto against the other, made in open court, the above cause is hereby dismissed with prejudice and without costs to either party.

"Done in open court this 26th day of November, 1924."

At that time there was pending in the superior court for King county the action of NePage McKenny Co. against the Sisters, wherein recovery was sought against the Sisters on a claim consisting of an item of $716 for the installation of telephones, and a num-

ber of other items materially differing in character therefrom, all aggregating $1,187.17. The allegations of deception and false representation imputable to the Sisters appearing in Beezer Brothers' affirmative answer, in so far as need be here noticed, are as follows.

"That at the time and during the whole negotiation of the settlement of the suit of Beezer Brothers vs. St. Joseph's Sisters of Peace it was represented to said Beezer Brothers and their counsel in said case, by the attorneys for the St. Joseph's Sisters of Peace, that the amount in controversy in the NePage McKenny Co. vs. St. Joseph's Sisters of Peace suit covered only an item for the installation of telephones and that said item approximated the amount of about seven hundred dollars ($700). That said Beezer Brothers and their counsel relied implicitly upon said representation, and did not know the fact to be otherwise at the time said settlement was made nor until after the said sixty-five hundred dollars ($6,500) had been paid. That said settlement was made upon the said representations of counsel for the St. Joseph's Sisters of Peace; and the said Beezer Brothers would not have made settlement if such were not the case. . . .

"That after said settlement had been effected . . . a duly authorized attorney of record for these defendants, on or about November 28, 1924, procured the office files in the suit of NePage McKenny Co. vs. St. Joseph's Sisters of Peace, the same being cause No. 172818, from a duly authorized attorney of record for said St. Joseph's Sisters of Peace, who was also a duly authorized attorney of record for said St. Joseph's Sisters of Peace, in said case of Beezer Brothers vs. St. Joseph's Sisters of Peace. That it was then and for the first time discovered and learnt by the said Beezer Brothers and their counsel that the amount in controversy was more than the item for installation of telephones and in a greater amount, viz: Eleven hundred eighty-seven dollars and seventeen cents ($1,187.17), with interest from September 19th, 1922.

"That on the same day, and immediately after it was discovered by the said Beezer Brothers that the said suit of the NePage McKenny Co. against said St. Joseph's Sisters of Peace amounted to more than seven hundred dollars ($700) negotiations were entered into between the attorneys representing Beezer Brothers and the attorneys representing the St. Joseph's Sisters of Peace to adjust the matter in accordance with the representations made by counsel for St. Joseph's Sisters of Peace and as set forth in stipulation and receipt hereinbefore alleged verbatim.

"That pending said negotiations and while they were in progress, viz: on December 31st, 1924, a motion for default in the suit of NePage McKenny Co. vs. St. Joseph's Sisters of Peace, was served by counsel for the NePage McKenny Co. on the attorney of record for St. Joseph's Sisters of Peace, who was also one of the attorneys for the defendants in the case of Beezer Brothers vs. St. Joseph's Sisters of Peace; that neither of these defendants or their attorneys of record were notified by said attorney for said St. Joseph's Sisters of Peace, that said motion for default had been served, nor did they know that said motion had been made. That thereafter, to-wit: on January 13th, 1925, and before said Beezer Brothers or their attorneys had any knowledge that said motion had been made, or before they had in any way been advised by said attorney for St. Joseph's Sisters of Peace of the pendency of said motion, an order of default was entered by the superior court of Washington for King county, declaring St. Joseph's Sisters of Peace in default in said action; and that thereafter, to-wit: January 19th, 1925, and before the said Beezer Brothers or their attorneys had any knowledge of the order of default had been signed, a judgment was entered by the superior court of the State of Washington for King county, against St. Joseph's Sisters of Peace and in favor of the NePage McKenny Co. in the sum of eleven hundred eighty-seven ($1,187.17) dollars and seventeen cents and one hundred and sixteen dollars and twenty cents ($116.20) costs.

"That these defendants recognize and admit and

have all times recognized and admitted that they assumed the payment and adjustment of the item of approximately seven hundred dollars ($700) for the installation of telephones; that they herewith tender in this court their certified check in full payment of the obligation in the sum of seven hundred and sixteen dollars ($716) covering said item and will keep said tender good during the pendency of this action.''

The prayer for relief here made by Beezer Brothers, rested upon these allegations, is:

''1. That the plaintiff be awarded the sum of seven hundred and sixteen dollars ($716) and no more, heretofore tendered into court by the defendants.

''2. That these defendants have judgment for their costs and disbursements herein.''

[1] It is first contended in behalf of respondent, Gregg, that the judgment must be affirmed because the only claim of error made in behalf of appellants, Beezer Brothers, is in the rejection by the court of evidence in support of their affirmative defense, and there is no statement of facts showing what occurred in such offer and rejection of evidence. While there is no statement of facts before us, we think the record of the court's rulings complained of renders it clear that there was something more presented and ruled upon by the court than their mere offer and rejection of evidence. It appears that, while the trial court had overruled a written demurrer to the affirmative defense, such demurrer was evidently orally renewed upon the commencement of the trial, accompanied by an objection to the introduction of evidence in support of the affirmative defense. This oral demurrer and objection were by the court sustained, and thus, by the court's changed ruling, the affirmative defense was excluded from the case. This was evidenced of record by the entry of an order of the court, as a part of the record of the trial of the case, reading as follows:

"Plaintiff's demurrer to defendants' affirmative defense sustained. Exception." And was further evidenced by preliminary recitals in the court's findings, as follows: "And the court having sustained the plaintiff's objection to the introduction of any evidence to sustain the allegations of the defendants' affirmative defense . . ." This record, it seems to us, plainly shows the error, if error it was, committed by the trial court in thus rejecting all consideration of the affirmative defense. By this ruling the court, in effect, ruled that the affirmative defense did not state facts constituting any defense, and in this manner plainly made that ruling of record. Hence, no statement of facts was necessary to bring the claimed error of these rulings of the trial court to the attention of this court.

We inquire then as to whether or not the allegations of the affirmative defense state facts constituting a defense to the cause of action alleged in the complaint. We think it hardly needs argument to demonstrate that facts are sufficiently alleged in the affirmative defense showing that Beezer Brothers were induced to enter into the settlement agreement with the Sisters by deceit imputable to the Sisters inducing them to believe that, in assuming the burden of successfully resisting or satisfying the claim of NePage McKenny Co., they assumed an obligation of not exceeding approximately seven hundred dollars. Indeed, we do not understand counsel for Gregg to seriously contend to the contrary, though they do contend, as we shall presently notice, that the affirmative defense is defective in its failure to allege damages suffered by Beezer Brothers.

[2] It is contended in behalf of respondent, Gregg that Beezer Brothers, in any event, have only the remedy of rescission of the settlement contract, and there-

by the placing of the Sisters in the same position they were in before the settlement. We cannot agree with this view of the rights of Beezer Brothers. It seems to us that, in so far as they are seeking reduction of this claim of the Sisters, based upon the NePage McKenny Co. claim of $1,187.17, to $716, the amount of the telephone installment charge, they are, in substance and effect, claiming the difference between those amounts as damages against the Sisters for the deceit imputable to the Sisters, which induced them to enter into the settlement contract; that is, Beezer Brothers are not in any legal sense collaterally attacking the settlement or the judgment of dismissal rendered thereon, but are in legal effect claiming damages as an offset, with the same rights with reference thereto as if they were seeking an affirmative money judgment therefor. This, we think, Beezer Brothers may do by way of electing their remedy in damages for the alleged deceit instead of in rescission. The applicable rule of law, as we view it, seems well stated in the text of 13 C. J. 395, § 304 as follows:

"When a party has been induced to enter into a contract by false and fraudulent representations, he has several remedies. He may affirm the contract, keeping what he has received under it, and maintain an action to recover the damages which he has sustained by reason of the fraud, or he may set up such damages as a defense or by way of counterclaim, if sued on the contract by the other party. Affirmance of the contract is not a waiver of the fraud and does not bar the right to recover such damages, but merely bars a subsequent rescission."

Our own decisions in *Pronger v. Old National Bank*, 20 Wash. 618, 56 Pac. 391, and *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180, and others, we think, are in harmony with this view of the law.

That this right of election between damages and rescission is applicable to actions for deceit inducing compromise contracts, as well as actions for deceit inducing other classes of contracts, we think is well shown by the authorities. In *Rochester Bridge Co. v. McNeill,* 188 Ind. 432, 122 N. E. 662, there was drawn in question alleged deceit, inducing one who had received personal injuries to compromise his claim of damages for such injuries. He elected to sue for damages, based upon the deceit inducing the compromise, rather than upon his original claim of damages for the tort. In disposing of his claimed right to so sue and elect that remedy rather than rescission, which would have enabled him to sue upon the original claim of damages for the tort, Judge Myers, speaking for the court, made these enlightening observations:

"If this were an action to recover damages resulting from the negligence of appellant Bridge Company, the unrescinded contract of settlement which appellee has affirmed would preclude a recovery, for the reason that matter must be regarded as settled. *South Bend & Mishawaka Gas Co. v. Jensen,* 182 Ind. 557, 105 N. E. 774; *Indianapolis Abattoir Co. v. Bailey,* 54 Ind. App. 370, 102 N. E. 970.

"The case at bar proceeds upon an entirely different theory. It is an action for damages resulting from the alleged fraud and deceit. It originated when appellee acted upon the alleged deceit charged to have been practiced upon him by the appellants. By this form of action he affirms the contract of release and proceeds upon the principle announced in *Home Insurance Co. v. Howard,* 111 Ind. 544, 13 N. E. 103, that 'a person so circumstanced may retain what he has received, and sue whoever is liable for the consequences of the deceit by which the compromise was brought about, and recover whatever damages resulted therefrom.' See, also, *Michigan Mutual Life Insurance Co. v. Naugle,* 130 Ind. 79, 86, 29 N. E. 393; *Baker v. Becker,* 153 Wis. 369, 141 N. W. 304.

"This principle has been frequently applied in fraud cases involving land deals, insurance settlements, and various other transactions, but seldom invoked in cases growing out of the settlement of damages for personal injuries. This may be accounted for on the ground that the measure of damages for deceit is not necessarily the amount which might be recovered in an action on the original tort, but it is the amount on which the parties might have agreed irrevocably in the absence of the alleged deceit, or had they alike known the facts upon which the settlement was made."

See, also, *Brown v. Ocean Accident & Guarantee Corporation*, 153 Wis. 196, 140 N. W. 1112; *Gould v. Cayuga County Bank*, 99 N. Y. 333, 2 N. E. 16. It seems to us that the allegations of this affirmative defense, while not made for the purpose of actually recovering damages by way of an affirmative money judgment, are just as substantial as a foundation for Beezer Brothers' resistance to the claim of Gregg, as assignee of the Sisters, as such allegations would be were Beezer Brothers actually seeking to recover an affirmative money judgment for the alleged deceit imputable to the Sisters, had such deceit actually resulted in the Sisters wrongfuly obtaining from Beezer Brothers the amount of the offset which they claim by their affirmative defense.

[3] Contention is made that to allow Beezer Brothers to plead this affirmative defense would be to allow them, in effect, to collaterally attack the judgment rendered upon the settlement agreement. We do not think so. It is only a judgment of dismissal. True, it is recited therein as being rendered "with prejudice." However, it is only a judgment by consent, and adjudicates only what the parties agreed to by their settlement agreement. Freeman on Judgments, 5th ed., § 1350. Beezer Brothers are no more attempting, by their affirmative defense in this action, to attack col-

laterally that judgment than they are attempting to collaterally attack the agreement upon which it was rendered. Both the judgment and settlement agreement may stand as Beezer Brothers, in effect, concede they do stand; but they, in effect, elect to seek recovery of damages as a set-off by reason of deceit imputable to the Sisters inducing them to enter into the settlement agreement and consent to the judgment. We are of the opinion that the fact that the settlement agreement has been merged into a consent judgment does not in the least impair Beezer Brothers' right to elect to seek recovery of damages by way of offset in this action, as alleged in their affirmative defense.

[4] It is contended in behalf of the Sisters that the affirmative defense is deficient in stating facts constituting a defense, in that it does not state that Beezer Brothers have actually been damaged by the deceit inducing them to make the settlement agreement, imputable to the Sisters. It seems to us that the allegation, in substance, that Beezer Brothers were induced to assume an obligation of approximately seven hundred dollars which, in fact, was an obligation of approximately twelve hundred dollars, is sufficient of itself to show that Beezer Brothers, if ultimately compelled to pay the twelve hundred dollar obligation in full, would be damaged the difference between that sum and seven hundred dollars. This theory of the affirmative defense obviates the necessity of an allegation therein of Beezer Brothers being damaged in other respects, for instance, in that they surrendered valuable rights in the settlement for which they received no compensation.

We conclude that the trial court fell into error in sustaining the oral demurrer to Beezer Brothers' affirmative defense and in denying to them the privilege

of introducing evidence in support thereof. This conclusion calls for reversal of the judgment of the trial court and the awarding to Beezer Brothers a new trial. The judgment is reversed, and the cause remanded to the superior court for further proceedings in harmony with the views herein expressed.

MACKINTOSH, C. J., ASKREN, BRIDGES, and TOLMAN, JJ., concur.