DEFENBAUGH v. PURCELL.

No. 30061. June 9, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 207.*

Spiers & Bodovitz, of Oklahoma City, for plaintiff in error.

Johnson & Jones, of Bristow, for defendant in error.

PER CURIAM. This action was instituted by George M. Purcell, hereinafter referred to as plaintiff, against Joe S. Anderson, John T. Harris, Kurt Von Sturm, Lloyd Defenbaugh, Paul Brown, and I. D. Berry, to recover on an oral contract of employment and to foreclose a mechanic's lien upon an oil and gas mining lease. Zero Hour Bomb Company and Independent-Eastern Torpedo Company, by separate petitions,

intervened in the action and sought to recover money judgments and to foreclose materialmen's liens against the same parties and property. There were also a number of other persons involved in the trial court whom it will not be necessary to consider here. The parties waived a jury and tried the cause to the court. Lloyd Defenbaugh demurred to the evidence of plaintiff and interveners above named, but when his demurrer was overruled offered no evidence but stood thereon. The court thereupon entered judgment in favor of plaintiff and against the defendant for the sum of $216 and an attorneys' fee of $75, and in favor of the interveners and against the defendant and the other persons above named other than Paul Brown and I. D. Berry, and also judgment foreclosing the liens of the respective parties on the oil and gas mining leasehold estate involved. Motion for new trial was heard and overruled, and the defendant Lloyd Defenbaugh alone appeals.

As grounds for reversal of the judgment below, the defendant contends, in substance, that there was no sufficient evidence offered by the plaintiff and interveners to establish either a contractual or statutory liability on the part of said defendant such as would render defendant personally liable to either the plaintiff or the interveners. The defendant admits plaintiff and interveners were entitled to have their liens foreclosed and to have whatever interest he may have had in the property sold, along with the interest of the other parties, to satisfy same. In this connection defendant cites Billingsley v. Parmenter, 181 Okla. 315, 73 P. 2d 869; McAnally v. Cochran, 170 Okla. 368, 46 P. 2d 955, which discuss the requisites of a mining partnership or joint adventure; but in so doing overlooks the nature of the proceedings which is here presented for review. The parties waived a jury and tried the cause to the court. The plaintiff and interveners introduced their evidence, which was uncontroverted and which tended to establish their contention that defendant had actively co-operated with his codefendants in such a manner as to render him personally liable to the plaintiff and the interveners. For the reasons stated in National Union Oil & Gas Co. v. Richard, 164 Okla. 13, 22 P. 2d 88; Murray Tool & Supply Co. v. Bridgeport Mach. Co., 164 Okla. 136, 23 P. 2d 165; McKay v. Kelly, 130 Okla. 62, 264 P. 814, this evidence was sufficient, standing alone, to sustain the judgment of the trial court. As said in National Union Oil & Gas Co. v. Richard, supra:

". . . The true rule is that mere joint ownership in the leasehold, or joint interest in the success of the well, does not constitute the parties a mining partnership, and that a person may be employed by contract to drill a well, and that persons may purchase an interest in a leasehold, or in a well being drilled, or to be drilled, without creating a mining partnership, but that when persons jointly interested in a leasehold, or in the success of the drilling of a well, co-operate and work together in the drilling of the well and in the development of the leasehold, such conduct may constitute them mining partners and create a mining partnership, which, under the law, is created, not by agreement alone, or joint interest alone, but by their joint interests and their agreements, and their actions and conduct in co-operating together in the project, and that each case must be determined from the express or implied agreements and the facts and circumstances shown to exist therein."

The evidence of plaintiff and interveners, standing alone and uncontroverted as it was, in our opinion, sufficiently brought the defendant within the rule announced in the above-cited cases; and the judgment being here for review merely to determine whether there was any competent evidence introduced and upon which the judgment could rest does not involve any weighing of the evidence for the reason that there was no occasion therefor, but merely determination of whether the evidence offered was competent — a qualitative rather than a quantitative test.

In view of the conclusion thus reached, the contention of the parties

194

with respect to the motion heretofore made by defendants in error to dismiss the appeal becomes moot and requires no discussion. The record submitted presents no prejudicial error, and such being the situation, the judgment of the trial court will be, and is, in all respects affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and DAVISON, J., absent.