TERRELL v. GOTCHER et al.

No. 31880. Nov. 12, 1946.

*174 P. 2d 229.*

Robert W. Gibbs and Gerald F. O'Brien, both of Tulsa, for plaintiff in error.

Hudson & Hudson, of Tulsa, for defendants in error.

OSBORN, J. This action was brought by Norman Terrell as plaintiff against W. E. Gotcher, W. E. Gotcher, Jr., and Utilities Insurance Company, a corporation, defendants, to recover damages for the personal injuries sustained by plaintiff in an automobile accident and damages for fraud in connection with the rendition of a judgment in the district court of Tulsa county, wherein plaintiff recovered damages for the same accident.

In his first cause of action plaintiff alleges that on June 4, 1939, he was injured in an automobile accident occasioned by the negligence of the defendants W. E. Gotcher and W. E. Gotcher, Jr., and that the injury occurred in the city of Tulsa. He asks for damages of $10,000 by reason of said injuries. in his second cause of action he alleges that on June 6, 1939, he, by his father and next friend, filed an action against the Gotchers for damages in the district court of Tulsa county; that the defendant Utilities Insurance Company, which had insured the automobile against public liability, employed attorneys and defended said action on behalf of the Gotchers, and that by reason of extraneous and extrinsic fraud practiced by the attorneys so defending said action an agreed judgment was rendered in the case for $1,200 for damages and the payment of his physician's bill of $1,200. In his second cause of action he prays for $7,600 actual damages sustained because of the fraud, and that said sum be applied and paid upon any judgment rendered against the Gotchers on his first cause of action. In his third cause of action he asks for punitive damages in the sum of $50,000.

Defendants answered setting up the judgment obtained by plaintiff in the Tulsa county case, pleaded that the same was a final judgment and constituted a complete adjudication of all the issues in the instant case, and that it could not be collaterally attacked by plaintiff in this action. Copies of the pleadings, journal entry of judgment and satisfaction of the judgment in the Tulsa county case are attached to their answers. The journal entry of judgment, dated September 13, 1939, recites that the parties waived trial by jury and tried the case to the court; that the court found that the plaintiff had been injured and was entitled to judgment in the amount of $1,200 and rendered judgment against

W. E. Gotcher and W. E. Gotcher, Jr., for $1,200 and costs. Plaintiff's reply was a general denial. The district court of Creek county sustained a motion by defendants for judgment on the pleadings, and plaintiff appeals.

Plaintiff, as grounds for recovery, urges that the judgment in the Tulsa county case was a consent judgment, obtained by extrinsic fraud, and that under authority of Gregg v. Beezer, 142 Wash. 142, 252 P. 692; Rochester Bridge Co. v. McNeill, 188 Ind. 432, 122 N.E. 662; and Urtz v. New York Central & H. R. R. Co., 202 N. Y. 170, 95 N.E. 711, he may bring an action against the parties for damages for such fraud regardless of the prior judgment of the district court of Tulsa county.

That in the present action plaintiff seeks to impeach the validity and finality of the Tulsa county judgment is so plain that it does not require extended discussion. It is not contended that the district court of Tulsa county lacked jurisdiction or power to render the judgment, or that the judgment is invalid on the face of the record. The contention, in substance, is that that judgment, while apparently valid, is not in fact a valid judgment conclusively determining the rights of the parties in that action, and that in this action he may recover the damages which he says he would have obtained in the first action had it not been for the fraud practiced upon him by the attorneys of defendants. To establish this contention he must necessarily impeach the validity and conclusiveness of such prior judgment.

In Amos v. Johnston, 162 Okla. 115, 19 P. 2d 344, and Flynn v. Vanderslice, 172 Okla. 320, 44 P. 2d 967, we held that relief from a judgment, fair on its face, on the ground that the same was procured by extrinsic fraud could be obtained only by following the procedure set out in 12 O.S. 1941 §§1031, 1033, or, if for any reason such remedy was inapplicable, by a suit in equity. No attempt appears to have been made by plaintiff to pursue either of these remedies.

It is a settled rule in this state that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies on the same cause of action, so long as the judgment remains unreversed. Cressler v. Brown, 79 Okla. 170, 192 P. 417; Price v. Clement, 187 Okla. 304, 102 P. 2d 595. In the instant case the first cause of action is the same as the cause of action asserted by plaintiff in the district court of Tulsa county, and the second and third causes of action are predicated entirely upon the invalidity of the Tulsa county judgment. The insurance company, while not a formal party to the Tulsa county action, was in substance a party thereto. It was a privy in interest of the Gotchers. Sparks v. Gallagher, 114 Okla. 103, 243 P. 228; 34 C. J. 1031, §1463; 30 Am. Jur. 969, §237. There was, therefore, identity of causes of action and identity of parties in both the Tulsa county action and the instant case.

In Hill v. Cole, 192 Okla. 476, 137 P. 2d 579, we said:

"The pleadings reflect a great number of allegations which might constitute fraud in the procurement of the judgment and the release of same. That does not go to the jurisdiction and cannot avail plaintiff in this collateral attack upon the judgment. The fraud so referred to goes to alleged conduct of her then attorneys and attorneys for defendant in misrepresenting certain facts and the law as to her rights.

" 'Nevertheless it must be born in mind that so far as the parties and their privies are concerned, a domestic judgment cannot be collaterally impeached for fraud not going to the jurisdiction, but relief on this ground must be obtained in some direct proceeding by motion or suit in equity. . . .' Freeman on Judgments, p. 1546, para. 731."

The authorities relied upon by plaintiff are so factually at variance with the instant case that we do not consider them applicable. In only one of them,

Gregg v. Beezer, supra, was the effect of a prior judgment and a collateral attack thereon in a second action presented, and the conclusion therein reached is at variance with the settled rules heretofore announced by this court in such cases.

The trial court properly sustained the motion for judgment on the pleadings.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur.