## PRICE v. SHELL OIL CO., Inc.

No. 32787.    Sept. 30, 1947.

*185 P. 2d 211.*

194

Clem H. Stephenson, of Wewoka, and Harry Stephenson, of Okemah, for plaintiff in error.

Geo. W. Cunningham and W. D. Simms, both of Tulsa, for defendant in error.

BAYLESS, J.  Walter L. Brown and Billie J. Sanders brought an action in the district court of Okfuskee county against F. D. Price to recover a money judgment and to foreclose a mechanics' lien for drilling a water well. Judgment was entered in favor of plaintiffs for $250, together with interest, attorney's fees and costs and for foreclosure of the lien upon the real property where the well was drilled. This judgment was later assigned to the Shell Oil Company. On January 3, 1945, the property was sold to the Shell Oil Company under a special execution and order of sale issued November 20, 1944. It was sold for $35 and the sale confirmed by the court. No application for deficiency judgment was ever made by Shell Oil Company. On January 8, 1946, alias execution was issued and property belonging to Price was levied upon to satisfy the balance due on said judgment. Price filed a motion to quash alias execution and to discharge the judgment. From the order overruling this motion, Price has appealed.

Title 12, O.S. 1941 §686 provides that motion for deficiency judgment must be made within 90 days after the date of sale. This was not done in the instant case.

Shell contends that this provision of the statute is applicable only to mortgage foreclosures and does not apply to lien foreclosures. Price contends that by virtue of section 172, Title 42, O.S. 1941, and section 686, supra, the above provision applies to lien foreclosure proceedings and that Shell did not have the right to proceed to collect the deficiency after the expiration of the 90-day period. That is the sole question presented by this appeal.

Section 172, supra, provides:

"Any lien provided for by this chapter may be enforced by civil action in the district court of the county in which the land is situated . . . The practice, pleading and proceedings in such action shall conform to the rules prescribed by the Code of Civil Procedure as far as the same may be applicable; . . ."

Prior to the amendment in 1941, by H.B. 40, p. 35, S.L. 1941, section 686, supra, of our Code of Civil Procedure provided:

"In actions **to enforce a mortgage,** deed of trust, or other lien or charge, a personal judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff as other parties to the action having liens **upon the mortgaged premises by mortgage or otherwise,** with interest thereon, and for sale of the property charged and the application of the proceeds; or such application may be reserved for the future order of the court, and the court shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issues thereon; . . ." (Omitted portion of this statute provides for sale where mortgage embraces land situated in different counties, for writ of assistance, and punishment for contempt for disobedience of writ.)

By the 1941 amendment the following provisions were added to the statute quoted above:

" . . . Notwithstanding the above provisions **no judgment shall be enforced for any residue of the debt** remaining unsatisfied as prescribed by this Act **after the mortgaged property shall have been sold, except as herein provided.** Simultaneously with the making of a motion for an order confirming the sale **or in any event within ninety days after the date of the sale, the party** to whom such residue shall be owing **may make a motion in the action for leave to enter a deficiency judgment** upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally, or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged **premises** as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property which ever shall be the higher. **If no motion for a deficiency judgment shall be made** as herein prescribed **the proceeds of the sale** regardless of amount **shall be deemed to be in full satisfaction of the mortgage debt** and no right to recover any deficiency in any action or proceeding shall exist. . . ." (Emphasis ours.)

The general rule of statutory construction is that the legislative will is the important and controlling factor. 50 Am. Jur., Statutes, §223. Russett School Dist. No. C–8 v. Askew, 193 Okla. 102, 141 P. 2d 575. A further general rule is that a statute is open to construction only where the language used is ambiguous and thus requires interpretation. 50 Am. Jur., Statutes, §225. In the Russett School District Case, supra, we said:

". . . That intention is to be sought in the language of the statute itself, and if it is there plainly expressed, it must be followed without further inquiry. Martin v. Carman, 183 Okla. 177, 80 P. 2d 561; 59 C.J. 953; Lewis' Sutherland Statutory Construction, pp. 698–706 §§366, 367 . . ."

Section 686, supra, as amended is not ambiguous. The proviso added by the 1941 amendment applies only to mortgage foreclosure proceedings. Use of the words "mortgaged property," "mortgaged premises" and "mortgage debt" makes the legislative intent clear. The statute is not open to construction.

If the act were subject to construction, it would be proper to consider the title of the amendatory act to determine the legislative intent. Oklahoma Gas & Electric Co. v. Oklahoma Tax Commission, 177 Okla. 179, 58 P. 2d 124. Here again the legislative intent is clear. The title reads as follows:

"An act relating to deficiency judgments obtained in foreclosure of mortgages, amending section 242, Statutes 1931; and declaring an emergency."

We hold that the court did not err in overruling the motion to quash the alias execution and order of sale and to discharge the judgment.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, and GIBSON, JJ., concur.