MARCUS v. PRICE.

No. 33639. April 4, 1950.

*216 P 2d 963.*

Wendell G. Stockton, of Oklahoma City, for plaintiff in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to recover the sum of $500 allegedly advanced for defendant's use and benefit. The petition set forth two identical causes of action, alleging that on different dates plaintiff made payments of $250 to a third party for certain fixtures used by defendant in operation of his business. Plaintiff also alleged defendant's retention and use of such fixtures, demand for payment, and defendant's failure and refusal to repay the amount due.

By way of defense defendant set up that, in a prior action by plaintiff alleging the existence of a partnership and seeking an accounting between the parties, plaintiff had submitted the items herein sued upon as a proper item of the accounting; that defendant

had judgment against plaintiff in such action; that same was a final adjudication of the matters attempted to be asserted by plaintiff in this case, and that such judgment estopped plaintiff from again raising such matters in the present action.

The case was tried to the court without a jury. Defendant's objections to introduction of plaintiff's evidence were overruled. The plaintiff then introduced evidence to show that he purchased the fixtures from a third party and made the payments thereof; that they were delivered to defendant for use in operation of his business and remained in his possession; that demand for payment had been made but that the defendant refused to repay the amounts advanced. Defendant's demurrer to plaintiff's evidence was overruled.

Defendant then introduced in evidence the petition in plaintiff's original suit to establish a partnership, and for an accounting. That petition alleged the parties' agreement was that plaintiff would secure furniture and fixtures for the partnership and guarantee payment for same, the agreement being that defendant was to operate the business. Defendant also introduced the journal entry of judgment in that case, wherein the trial court found that the agreement was that the parties were to engage in a partnership venture, but that such agreement was void and contrary to public policy, and rendered judgment for defendant. Such judgment was affirmed on appeal to this court. See Price v. Marcus, 199 Okla. 356, 185 P. 2d 953.

In seeking reversal of the trial court's judgment defendant urges that, inasmuch as this court held that the contract originally sued upon by plaintiff was void, being against public policy, and since the present causes of action were part of that suit, such judgment finally and conclusively adjudicated such issues.

Opposed to this argument plaintiff urges that the present action was for money had and received, and that such question was not adjudicated in the former action.

Thus it is noted that proper decision of this appeal necessarily turns upon the single question of the effect of our prior decision upon the issues herein declared upon by plaintiff.

In Price v. Marcus, supra, we held that the existence of a partnership was established, but that such agreement was void and against public policy of the state; and, that plaintiff was not entitled to an accounting because the rights asserted under such agreement would not be enforced by the courts.

The record in this appeal reflects that the causes of action here sued upon by plaintiff were, in the first action, items upon which the plaintiff based a part of his claim of the existence of a partnership, and as such tended to show his right to an accounting. The judgment in the first trial, affirmed on appeal, was that plaintiff was not entitled to an accounting, although the very items herein sought to be recovered were before the trial court and formed an integral part of the cause of action.

Having once litigated the matter of his right to recover money advanced under the illegal contract, plaintiff cannot now relitigate the issue under a different name. The prior determination constituted a complete adjudication of his rights. The foundation upon which the principle of res judicata rests is that parties cannot be permitted to litigate the same question more than once. 30 Am. Jur., Judgments, §161 et seq.

And, it is the rule in this jurisdiction that a judgment rendered upon the merits of a controversy by a court of competent jurisdiction, is a bar to a further suit between the same parties, or privies, on the same cause of

action, so long as the judgment remains unreversed. See Terrell v. Gotcher et al., 197 Okla. 651, 174 P. 2d 229.

In Kisner v. McCurry et al., 196 Okla. 210, 163 P. 2d 963, paragraph 2 of the syllabus states:

"In order to make a matter res judicata, there must be a concurrence of the four conditions following: (a) identity in the things sued for or subject matter of the suit; (b) identity of the cause of action; (c) identity of persons or parties in the action; and (d) identity of the capacity in the person for or against whom the claim is made."

Measured by the foregoing requirements it is clear that the claim plaintiff attempts to assert herein is the same cause of action relied upon in the prior action. Plaintiff's right to recover upon such claim having been denied in that case, he cannot now change his theory and seek to relitigate such issue.

The judgment in Price v. Marcus, supra, fully adjudicated all issues between the parties. Plaintiff's rights were established by that judgment, which concluded the issue concerning recovery of the items plaintiff advanced the partnership. The amounts sought to be recovered were an essential part of the contract originally sued upon, and formed an express part of the consideration for the partnership agreement. The money was not advanced as a loan, but as part of the consideration for that agreement. Having been denied the right to recover under the contract, which was found to exist, plaintiff cannot change the nature of his demand by claiming same to have been a loan, and now recover that which the law has once denied him.

Judgment reversed, with directions to enter judgment for defendant.

DAVISON, C. J., and LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and WELCH and GIBSON, JJ., dissent.