No. 42,260

RIVERVIEW STATE BANK, *Appellant*, v. A. F. DREYER and MILTON G. DREYER, Executor of the Estate of Flora D. Fuoss, Deceased, *Appellees.*

(362 P. 2d 55)

Opinion filed May 13, 1961.

*N. E. Snyder* of Kansas City argued the cause, and *James L. Baska* of Kansas City was with him on the briefs for the appellant.

*D. H. Corson, Jr.,* of Kansas City argued the cause, and *Donald H. Corson* and *James H. Barnes* both of Kansas City were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: In the court below, the trial court, upon motion of the defendant, set aside a personal judgment taken on December 19, 1955. The defendant's motion was not filed until January 13, 1960, and the parties agree that the judgment could be set aside only if it were absolutely void. The plaintiff has appealed, the appeal being filed on the same day on which the judgment was set aside.

In giving the history of this action, we shall refer to the parties as they appeared in the district court.

Perhaps, we should say at the start that this proceeding would serve as an illustration of "the law's delay." At any rate, the plaintiff bank filed its action on August 14, 1940 against defendant A. F. Dreyer and one J. W. Dworak as partners. It was alleged that both defendants were indebted to the bank on twenty promissory notes and separate causes of action were properly alleged for each note. Plaintiff prayed for a total judgment in the sum of $8,019.55 together with interest at six percent per annum on the twenty causes of action.

On September 12, 1940, plaintiff bank caused a garnishment summons to be served upon the Finance Officer, Veterans' Affairs at Wadsworth, Kansas. This garnishment summons was served by the sheriff of Leavenworth county.

It appears that both of the principal defendants were residents of Missouri, and on March 10 and 14, 1941, plaintiff bank was able to obtain personal service of summons upon both Dreyer and Dworak in Jackson county, Missouri by the sheriff of that county, all as provided for in G. S. 1949, 60-2529. This could be compared to publication service and not personal service as provided in the statute. The summons served recited the pending garnishment proceedings described above.

The above named garnishee answered and, while admitting having funds due the principal defendants under his control, challenged the right of the plaintiff bank to subject the funds to garnishment. The plaintiff bank took issue on the garnishee's answer, and this contest was not resolved for some years.

On October 4, 1941, the district court issued judgment *in rem* against the principal defendants Dreyer and Dworak, finding that they had been served in Missouri, as set out above, and further finding that at that time there was due and owing plaintiff the sum of $7,991.98 with interest at six percent per annum until paid. At this time, the court had no assets in its hands to apply to the satisfaction of its *in rem* judgment. The garnishment proceedings were still going on between the plaintiff and the garnishee.

On November 8, 1945, an alias summons in the principal action was issued to the sheriff of Wyandotte county and served upon defendant A. F. Dreyer personally in Wyandotte county. The defendant made no appearance in the action and ignored the service of summons.

Ten years later, on December 19, 1955, the plaintiff bank took a personal judgment by default against defendant A. F. Dreyer in the sum of $14,805.05 together with interest until paid. Soon thereafter, on December 21, 1955, the court issued an order finding that the above named garnishee had paid over to the plaintiff bank the funds garnished in the sum of $4,183.32, and that therefore, the garnishment proceedings begun September 12, 1940 should be released and the garnishee discharged.

No further proceedings were taken until on December 15, 1959, garnishment summons were issued for Milton G. Dreyer, Executor,

as garnishee, and for the principal defendant A. F. Dreyer. Both summons were served and the garnishee answered that he held $4,500.00 for the defendant, and the principal defendant filed a motion to vacate the personal judgment of December 19, 1955.

It was contended and the district court found that said judgment was void because there was no action pending between the plaintiff and the defendant Dreyer on December 19, 1955.

Counsel for defendant with commendable frankness and clarity states that this question of the pendency of the action is the sole question in the appeal. However, we can only say that we fear counsel is confusing the rules of personal judgments with the rules applicable to judgments *quasi in rem.*

In a technical sense, there are actually three different kinds of actions and judgments. These are (1) personal judgments (2) judgments *quasi in rem* and (3) judgments wholly *in rem.*

Personal judgments are those in which the court has personal jurisdiction over the parties. In such case, there can be no doubt that the original cause of action becomes merged in the judgment and that any further litigation concerning the claim must be brought upon the judgment.

Actions and judgments usually known as *quasi in rem* are brought between plaintiffs and named defendants, but if the court may not obtain jurisdiction over the defendants, it may proceed if it is able to obtain jurisdiction over property belonging to them. Thus, if reasonable means be taken by substituted service to notify the defendants of their right to come into the action and defend, their property may be taken and applied to plaintiff's claim. So held the landmark case of *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565.

As we all know, the present action is one of the most common illustrations of an action *quasi in rem.* Here we have an ordinary action on a debt due the plaintiff against nonresident defendants but said defendants have property which may be reached and brought within the jurisdiction of the court by attachment or garnishment. Parenthetically, it has been held that the garnishment of a debt due a nonresident creditor is sufficient to subject the debt to plaintiff's claim *Harris v. Balk*, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023.

The real *in rem* action where the court has jurisdiction over certain property and will bar all parties who do not come in and set up their claims is not common in Kansas. Perhaps, a ready and

common illustration of such an action in other courts would be a libel action in admiralty in which a ship is seized and all claims settled. Those interested in actions wholly *in rem* may read the opinion of Mr. Justice Holmes in *Tyler v. Court of Registration,* 175 Mass. 71, 55 N. E. 812.

Turning again to our case at bar, we find that the action began as a *quasi in rem* action. It will be noted the petition was framed as any petition on a promissory note would be framed where it might be expected to obtain service personally on defendant immediately. With such pleadings as to all defendants served personally with process or who may make a general appearance in the action, the proceeding continues as a personal action (*Union Central Life Ins. Co. v. Irrigation L. & T. Co.,* 146 Kan. 550, 73 P. 2d 72). But where an *in rem* judgment only is taken without jurisdiction over the person of the defendant, there can be no merger of the cause of action and the judgment (see Union Central Life case, *supra*). A new action for the balance due plaintiff must be brought on the original cause of action and cannot be brought on the judgment (*Oil Well Supply Co. v. Koen, et al.,* 64 Oh. St. 422, 60 N. E. 603).

Moreover, in *Strand v. Halverson,* 220 Iowa 1276, 264 N. W. 266, 103 A. L. R. 835, it was held that in a *quasi in rem* action, where only an *in rem* judgment against property has been had partially satisfying plaintiff's claim, a new garnishment might issue along with a new garnishment summons to the defendant, and that still later defendant might be subject to the personal jurisdiction of the court as to the balance of the claim made in the petition. This case seems to be directly in point. See also the annotation on the question of whether the original cause of action merges with a judgment *quasi in rem,* 103 A. L. R. 839.

There would seem to be no question that the cause of action in the case at bar did not merge with the judgment of 1941. The petition was still on file, moreover, the property had not yet been received on the first garnishment. All the 1941 judgment did was to determine as to the garnishment that defendant was indebted to plaintiff in an amount greater than the amount held by the garnishee. This being the situation, we are convinced that there was nothing to prevent the plaintiff from issuing a new summons to be personally served upon the defendant when he came within the

jurisdiction. Defendant was content to default as to this service and the judgment rendered appears to be wholly valid.

The order of the trial court setting aside the judgment must be reversed, and the court is further directed to reinstate the garnishment proceedings against Milton G. Dreyer, Executor, etc. It is so ordered.