J. E. EPPERSON, formerly d/b/a Epperson
Tank Trucks, Plaintiff in Error,

v.

HALLIBURTON COMPANY, a corporation,
Defendant in Error.

No. 41371.

Supreme Court of Oklahoma.

Oct. 10, 1967.

Rehearing Denied Dec. 12, 1967.

Shultz & Ivy, by Red Ivy, Chickasha, for plaintiff in error.

Robert B. Park, Chickasha, for defendant in error.

## PER CURIAM:

The essential factual background which resulted in this appeal is uninvolved. Between January 1–February 23, 1960, the defendant in error, referred to as Halliburton, or plaintiff, furnished services and materials to J. E. Epperson, d/b/a Epperson Tank Trucks, hereafter the defendant, then engaged in drilling an oil and gas well in Caddo County, Oklahoma. The well failed as a producer and was abandoned. On July 16, 1960, the drilling company (Signet Drilling Company) sued defendant and numerous other creditors in Caddo County for money judgment and foreclosure of lien upon the leasehold. Halliburton, as well as other creditors, inter-pleaded in this action asserting its claim as a lien in the amount of $2,510.85, but was unable to secure personal service upon defendant. Publication service was made but defendant did not appear and default judgment was entered foreclosing the liens and directing sheriff's sale of the property. The judgment rendered was in rem against defendant's interest in the property. The lien foreclosure sale as confirmed by the court failed to return an amount sufficient to pay Halliburton.

On December 13, 1963, Halliburton brought this action against defendant in Grady County, to recover the principal amount due ($2,362.70), and interest. The petition, after requisite jurisdictional matters, alleged furnishing of materials and services as itemized, nonpayment, demand and defendant's refusal to pay.

Defendant answered by pleading that the Caddo County judgment was res judicata of the cause of action and asked that the case be dismissed. Following plaintiff's

reply defendant filed an amended answer alleging the cause of action was barred by the applicable statute of limitations. Plaintiff filed reply and the court ordered the case set for hearing.

Subsequent to hearing plaintiff filed amended petition adopting the former allegations, but further alleging the indebtedness was incurred upon the basis of written instruments amounting to contracts; that all credits and offsets had been allowed under these contracts, and the amount claimed was due and owing. Plaintiff alleged payment of intangible taxes, but further plead that, although performed under written contract the amount due was an open account. Defendant answered by realleging the defenses asserted in the amended answer.

At the trial plaintiff presented evidence showing the services and materials were furnished defendant in the drilling operations under written authorization: (1) Work Order Contract; (2) written invoice; (3) written invoice showing sales of materials as retail dealer, subject to limitations covered by printed portion denoted as the contract. The evidence showed that credit was customarily extended to any acceptable purchaser with a line of credit under the work order contract required to be signed before work was begun. All tickets or invoices showing material or services furnished were considered part of one transaction as a custom of the industry. The indebtedness created was considered an open account in that credit was extended only so long as the debtor kept the account in good standing, although based upon written agreements to pay which had to be executed before services were rendered or materials furnished. The defendant knew and understood that a work order contract was required before work commenced; such custom is understood because at the time the original work order is signed it is impossible to ascertain the exact amount of services and materials which will be required to complete a well.

Defendant's demurrer to plaintiff's evidence upon the ground that the evidence showed existence of an open account and barred by the statute of limitations [12 O.S.1961, § 95(2)] was overruled. Defendant elected to stand upon the demurrer. The trial court entered judgment for plaintiff in the principal amount, interest and costs, for the reason the action was based upon a written contract. This appeal involves the correctness of the trial court's finding and judgment.

■ The identical issues presented in the trial court are urged as grounds for reversal. The first contention asserts that the district court judgment in the lien foreclosure action was res judicata of the present action for money judgment. The argument is based upon the law expressed in decisions such as Marcus v. Price, 202 Okl. 600, 216 P.2d 963, in which syllabus 1 states the rule:

"In order to make a matter res judicata, there must be a concurrence of the four conditions following: (a) identity in the things sued for or subject matter of the suit; (b) identity of the cause of action; (c) identity of persons or parties in the action; and (d) identity of the capacity in the person for or against whom the claim is made."

This contention lacks substantial merit. Cursory reference to the elements enumerated, as required to support the plea of res judicata, reflects a positive requirement that there be identity of the thing sued for, or the subject matter of the cause of action.

■■ The Caddo County action was instituted seeking money judgment and foreclosure of liens. Failure of personal service upon defendant necessitated reliance upon substituted process. The judgment approved the publication service, established the liens against the leasehold estate as valid and subsisting, and ordered same foreclosed and sold in satisfaction

of the lien claims. There was no effort by the lien claimants, or by the trial court in rendering judgment, to assess any deficiency against defendant. However, the property upon which the liens attached was within the court's jurisdiction. Such actions fall within the class designated as quasi in rem. In such cases the court may proceed if jurisdiction is acquired over the property belonging to the named defendant by substituted service sufficient to notify the defendant of the right to appear and defend the action, and the property involved may be taken and applied to satisfaction of the plaintiff's claim. This has been settled law since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

In 50 C.J.S. Judgments § 910c(2), the rule is stated:

"A final judgment in rem may be pleaded in bar of another action on the same subject matter if its effect is to merge a distinct cause of action; but it has been held not to operate as a bar to a subsequent action for a judgment in personam."

Judgments for foreclosure of mortgages, or mechanics or other liens are among the types of proceedings held to be quasi in rem. Ibid. § 911b. Also see Riverview State Bank v. Dreyer, 188 Kan. 270, 362 P.2d 55; Strand v. Halverson, 220 Iowa 1276, 264 N.W. 266, 103 A.L.R. 835; State ex rel. Truitt v. Dist. Ct., 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651.

A judgment in a prior action between the same parties or their privies is res judicata in a second action only as to questions which properly were determinable in the prior action. The rule is so firmly settled that supporting authority is not required. No question involving defendant's in personam liability properly was determinable in the former action. The judgment granting the lien foreclosure was not res judicata of the present action. Concerning a judgment creditor's right to deficiency judgment against a debtor after

a lien foreclosure see Price v. Shell Oil Co., Inc., 199 Okl. 193, 185 P.2d 211.

Defendant's second contention is that the action sought to recover upon an open account, and therefore was barred under 12 O.S.1961, § 95(2), the statute applicable to open accounts. It is argued that the written exhibits supporting plaintiff's claim amounted to nothing more than sales tickets evidencing an open account. As supporting authority defendant relies upon the text statement in 3 A.L.R.2d 839. Although the issue is not determined upon this basis, the annotation mentioned deals only with limitations in respect to accounts based solely upon sales slips or memoranda of sale and delivery.

In Globe & Republic Ins. Co. v. Ind. Trucking Co., Okl., 387 P.2d 644, in determining that the action was based upon a written contract, we quoted from Connor Live Stock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196:

" 'Generally speaking, an open account is one where there are running or concurrent dealings between the parties, which are kept unclosed with the expectation of further transactions. * * * An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account.' "

We consider this conclusive of defendant's argument herein. Also see Sanditen, etc. v. Brooks Flame-Spray, Inc., Okl., 403 P.2d 471.

The evidence concerning the nature and form of the written instruments was mentioned earlier. One type of instrument was an invoice which set forth details of the work to be performed and also contained an "invoice section" showing charges for the specified services. The two remaining types of written instruments were executed by defendant or his agents, upon delivery of materials and performance of services required in defendant's operations. Both types were styled "Contract" upon

the printed form. The "Cementing—Work Order Contract" which specified the defendant was to pay for use of the cementing equipment and the service men, was partially printed and part in writing. The evidence showed this contract was signed by defendant although details as to type and amount of materials to be used would not be determined until work commenced, and the amount due was ascertainable only upon completion. According to custom, these items were inserted when ascertained and with the apparent understanding and agreement of defendant. There was no issue that plaintiff had failed to comply with the terms of the contract. Neither was there evidence the contract was other than it appeared to be, other than testimony elicited on cross-examination that, the matter was treated as an open account although based upon the contractual arrangement.

■ Defendant demurred to the evidence and after being overruled elected to stand thereon and offered no evidence to controvert plaintiff's position that this mode of operation was contrary to custom in the industry, or that the contract related to other matters or was other than what it appeared. It is axiomatic that in an action of legal cognizance tried without a jury this Court will examine the evidence only to determine whether there is evidence reasonably supporting the trial court's findings and judgment. In Defenbaugh v. Purcell, 191 Okl. 192, 127 P.2d 207, the rule is stated in the syllabus:

"When in a case where a jury has been waived and trial had to the court a defendant, after demurrer to the evidence of the plaintiff has been overruled, offers no evidence but stands upon the demurrer, judgment for the plaintiff is proper if there is any competent evidence to support it."

Judgment affirmed.

The Court acknowledges the services of DUDLEY H. CULP, who with the aid and counsel of CHARLES SIMS and WIL-

LIAM BISHOP, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to BERRY, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

All Justices concur.