County Director of Public Welfare — Defined The individual referred to as the "county welfare director" in 10 O.S. 175.10 [10-175.10] and 10 O.S. 175.11 [10-175.11] (1961), as amended by 10 O.S. 175.10 [10-175.10], 10 O.S. 175.11 [10-175.11] (1968), is the county director of public welfare. The Attorney General has had under consideration your letter dated July 25, 1968, wherein you in effect ask the following question: Does the term "county welfare director" as used in 10 O.S. 175.10 [10-175.10] and Section 10 O.S. 175.11 [10-175.11] [10-175.11] (1961) as amended by Senate Bill No. 588, Thirty-first Legislature, Second Session (1968), refer to an individual employed by a Board of County Commissioners as a county welfare director, or to the Director of Public Welfare who supervises the County Department of Public Welfare that is a part of the State Welfare Department? Title 10 O.S. 175.10 [10-175.10](a) (19610, as amended reads: "Applications for crippled children's services on behalf of a child may be made directly to the Commission by a court, by a county welfare director, or by a parent, physician, osteopath, dentist, county health official, child welfare worker or consultant, or by any other interested person or agency . . . ." (Emphasis added) Title 10 O.S. 175.10 [10-175.10](c) (1961), as amended reads: "Any charges for services provided by the Commission under authority granted by this Act based upon application made by the county welfare director becomes payable to the Commission in whole or in part from the respective children's budget account . . . ." (Emphasis added) Title 10 O.S. 175.11 [10-175.11] (1961), as amended reads: ". . . Said appropriation is to be included within the regular county general fund appropriation for current expenses and set aside to care for the children accepted by the Commission upon the application by the respective county welfare director as provided in Section 175.10 of this Title . . . ." (Emphasis added) Prior to amendment, 10 O.S. 175.10 [10-175.10](a) (1961), read: "Application for crippled children's services on behalf of a child may be made directly to the Commission by a county court, by a county welfare director, or by a parent, physician, county health official, child welfare worker or consultant, or by any other interested person or agency. . . ." (Emphasis added) Title 10 O.S. 175.10 [10-175.10](c) (1961), read: "Any charges for services provided by the Commission under authority granted by this Act based upon application made by the county court become payable to the Commission in whole or in part from the respective crippled children's budget account. . . ." (Emphasis added) Title 10 O.S. 175.11 [10-175.11] (1961), read: ". . . Said appropriation is to be included within the regular county general fund appropriation for current expenses and set aside to care for the children accepted by the Commission upon application by the respective county court as provided in Section 175.10 of this Title. . . ." (Emphasis added) The effect of the amendment has been to replace the county court with the "county welfare director" as the person to make application for assistance. We understand that the Board of County Commissioners of Oklahoma County and Tulsa County employ an individual who is commonly referred to as the "county welfare director," but we have found no statute creating such a position for a county. Presumably this person is employed by these County Commissioners to assist them in the performance of their duties as "overseers of the poor" under 56 O.S. 31 [56-31] — 56 O.S. 56 [56-56], and Article XVII, Section 3 Oklahoma Constitution. The only other reference we found in the Oklahoma Statutes to the "county welfare director" is in 63 O.S. 1-804 [63-1-804] (1967), as amended by Senate Bill No. 588, Thirty-first Legislature, Second Session (1968). This section creates a County Review Board to study applications for nursing home licenses. The board is to be composed of (a) the local health officer, (b) the county welfare director, and (c) the county clerk. In practice the County Directors of Public Welfare sit on these county boards. In 1939, a State Department of Public Welfare was created pursuant to Article XXV of the Oklahoma Constitution. The legislation creating this department is now found in 56 O.S. 161 [56-161] — 56 O.S. 232 [56-232] (1961), as amended. In 56 O.S. 161 [56-161](i) (1961), reference is made to the "County Department" and a "County Director of Public Welfare." The State Department of Public Welfare maintains a County Department of Public Welfare in each county of the State, and each county department is supervised by an individual designated as County Director of Public Welfare. Each County Department of Public Welfare is a part of the State Department of Public Welfare. In 1949, the Commission for Crippled Children was created, and in 1959, this commission was made a part of the State Department of Public Welfare. The provisions for application as provided in 10 O.S. 1961 Section 175.10[10-175.10] [10-175.10], and 10 O.S. 1961 Section 175.11[10-175.11] [10-175.11], had remained unchanged since the Commission for Crippled Children was created in 1949. It is our feeling that the legislature intended that the County Director of Public Welfare take over the duties of the county court in this matter. The title to the amendment, Senate Bill No. 588, Thirty-first Legislature, Second Session (1968), states: ". . . TO PROVIDE FOR SUBSTITUTING THE WELFARE DIRECTOR FOR THE COUNTY COURT AS APPLICANT FOR APPROPRIATIONS TO THE CRIPPLED CHILDREN'S BUDGET ACCOUNT AND APPLICATION FOR SERVICES FOR CRIPPLED CHILDREN. . . ." The title to an act may be used in construing the meaning of a statute. Price v. Shell Oil Co., 199 Okl. 193, 185 P.2d 211. The purpose of the Senate Bill No. 588, supra, is to substitute persons to perform the nonjudicial functions of the county court in EACH county of the State. Only Oklahoma and Tulsa Counties have a person called a "county welfare director." The reference to a "county welfare director" is meaningless in the great majority of the counties unless it refers to the County Director of Public Welfare. A statute is to be construed to effect the intent and purpose of the Legislature. Chapman v. Koenig,205 Okl. 402, 238 P.2d 357. An inept or incorrect choice of words will not be construed and applied in such a manner as to destroy the real and obvious meaning of the statute. Board of Education of Okmulgee v. State Board of Education,201 Okl. 32, 200 P.2d 394. It is, therefore, the opinion of the Attorney General that the individual referred to as the "county welfare director" in 10 O.S. 175.10 [10-175.10] and 10 O.S. 175.11 [10-175.11] (1961), as amended by Senate Bill No. 588, Thirty-first Legislature, Second Session, is the County Director of Public Welfare. (W. J. Monroe)