CAMPBELL *v.* AYRES.

Where to a bill in chancery, claiming title to, and the right of possession of, certain real estate, and charging that the defendant had obtained the deed under which he claimed title fraudulently, and that the grantor had never delivered the deed, the defendant, in his answer, pleaded a former adjudication of the same subject matter, in a suit in which the present plaintiff was defendant, and the present defendant was plaintiff, brought to settle the title to said land, and obtain the possession, by the District Court of Warren county, at the June term, 1854, in which a judgment was rendered for this defendant: and where the replication of the complainant admitted said former suit, and the judgment rendered therein; but alleged that "the validity of the deed under which the plaintiff in that suit claimed title (and which is the deed here in controversy), was not put in issue and adjudicated in that suit; nor was all title and claim of the present plaintiff adjudicated and settled; nor was the question as to the said deed never having been delivered to the present defendant, in any way tried in that suit; nor was the question as to the defendant having obtained said deed by fraud and misrepresentation, in any way there put in issue and adjudicated;" *Held*, That the former suit having been brought to settle the title to the land in

controversy, and obtain the possession, whatever went to show that the plain-
tiff in that suit had no right nor title, ought to have been pleaded; and that
the complainant, by not putting in issue in the former suit, the matters set
up in his replication in this suit, had surrendered or lost the benefit of them,
unless the omission was under some of those circumstances from which
chancery will relieve him.

The principal issue in the former suit—the issue of title—involved all the
matters stated in the replication in this suit, and were facts, going to prove
or disprove title in the former plaintiff.

Where a bill in chancery, claiming title to, and the possession of, real estate,
alleges no equitable circumstance as a ground of relief, it is doubtful whe-
ther the cause of action is a subject of chancery jurisdiction.

## Appeal from the Polk District Court.

THIS was a bill in chancery, by James Campbell against
William F. Ayres, claiming of the respondent, the title to,
and possession of, certain real estate described in the peti-
tion.     The allegations of the petition, are substantially as
follows: Joseph Crews purchased the lot in controversy, of
the board of commissioners of Polk county, Iowa, about the
20th of February, 1847, for the sum of about forty dollars,
one-sixth of which sum he paid down, and was to pay the
balance in three equal installments of six, twelve and eight-
een months, and the said board executed to him a bond,
conditioned to make him a deed to said lot, upon full pay-
ment being made therefor.     Crews took possession of said
premises, and erected improvements thereon of the value of
one thousand dollars. On the 19th of January, 1849, Crews
being indebted to one Frederick, in the sum of two hundred
dollars, the complainant and W. A. Scott, at the request of
Crews, became his security for the payment of said sum, in
consideration of which, and of one hundred dollars received
of said Campbell and Scott, and to secure them, in case they
or either of them, should have said sum to pay, Crews exe-
cuted to said Campbell and Scott, a mortgage on said
premises.     Crews failed to pay the two hundred dollars, at
the time and in the manner specified in the mortgage, or at
any time since, and being anxious to pay said money, about
the 7th of March, 1849, made an agreement with the defend-

Campbell v. Ayres.

ant, to sell and convey to him the lot, in consideration, and upon the express condition, that said Ayres would pay therefor the sum of four hundred and fifty dollars, in manner following: about thirty-five dollars to the county of Polk, being the balance of the purchase money then due; to pay off said sum of two hundred dollars, with interest, to Frederick; about one hundred and eleven dollars to one Lacey; and the balance, about eighty or ninety dollars, to said Crews; and Ayres was to pay all of said sums before he was entitled to receive a deed for the lot. Crews went with the defendant to the office of the clerk of the board of county commissioners, and requested the clerk to make out a deed for the lot, inserting the name of Ayres as grantee, and have the same ready for delivery, upon the defendant complying with the conditions of the contract. Ayres paid the thirty-five dollars to the county, and Crews went home to get the bond of the county, which he held for the lot. While Crews was thus absent, and after the deed was executed, the defendant, without having complied with his contract, and without the consent of Crews, wrongfully and fraudulently took and carried off the deed, and had the same recorded. Ayres has not paid anything more upon the contract, except, perhaps, the hundred and eleven dollars due to Lacey. Crews then refused to surrender the bond for title to said lot, to Polk county, and transferred it to the complainant, who has since lost it, and who had to pay the sum due to Frederick. Crews had the peaceable possession of the premises, until within the last three or four months, when Ayres obtained the possession under said deed, and is now wrongfully holding the same. On the 18th of August, 1849, the premises were sold on execution, under a judgment against Crews and the complainant, brought by Ayres, for eighty-nine dollars and fifty cents, and redeemed by complainant, as a judgment creditor of Crews, about the 11th of November, 1850; and there being no further redemption, the sheriff of Polk county, about the 5th of February, 1851, made a deed for the lot to the complainant. And about the 23d of June, 1854, the complain-

ant tendered the respondent the sum of two hundred dollars, the money he had paid on the lot, with interest, which Ayres refused to take, and refused to cancel and deliver up said deed. The petition then prays, that the said deed may be set aside, and the title in said lot, with the immediate possession thereof, and the rents and profits which are now due, may be decreed to the petitioner. A demurrer to the petition was overruled.

To this petition the respondent answered, alleging, among other things, that at the March term, 1854, of the Polk county District Court, he commenced an action against the complainant, to settle the title to said lot, and obtain the possession thereof; that the said cause was taken, by change of venue, to Warren county; that at the June term, 1854, of the said Warren District Court, such proceedings were had in said cause, that the title to said premises was, by the judge of said court, adjudged to be in this respondent, and this respondent was adjudged to have a right to the possession thereof; that, in pursuance of said judgment and recovery, he was, by virtue of a writ of restitution, issued thereon, placed in possession of said property, and the complainant was dispossessed thereof; that the same subject matter here in controversy has been adjudicated between these same parties; that the title of this respondent to the said property, and his right to the possession thereof, against the said complainant, have been adjudicated and settled; and that he pleads said former judgment and recovery in bar of this suit. The replication of the complainant admits, " that there was a suit between the complainant and respondent, tried at the last June term of the District Court, in Warren county, which said suit was brought by said respondent to obtain the possession of said lot; and that he, by virtue of said deed as his title, and as evidence of his right to the possession, obtained a decree or order for said possession." The replication then alleges: " But the complainant expressly states, that the validity of said deed was not put in issue and adjudicated in said suit; nor was all title and claim of the complainant adjudicated

and settled; nor was the question as to the said deed never having been delivered to said Ayres, in any way tried in said suit, or the equitable right and interest of the complainant in any manner therein put in issue, or adjudicated; nor was the question as to the respondent having obtained said deed through fraud, deception, and misrepresentation, in any way there put in issue."

The cause was submitted to the court; and after hearing the testimony, a decree was rendered, as follows: That on the payment of the sum of $254.58, into the hands of the clerk of this court, for the said respondent, within ten days from this date, the said respondent, within ten days therefrom, release and quit claim to the said complainant, all title, and color of title, to the lot described in the proceedings, and deliver the possession thereof, with the release; and in default of such release, then that this decree operate as such release, and the complainant have the possession. And it is further ordered, that the complainant pay the costs which have accrued in this suit. From this decree, the respondent appeals.

*Jewett & Knapp*, for the appellant.

*Bates & Finch*, for the appellee.

WOODWARD, J.(1)—Now, why were not the matters stated in the replication of the complainant, put in issue and tried in that former suit? There is not a reason given. There is no pretence that the plaintiff was prevented by surprise, accident, or any other circumstance whatever. The plaintiff cannot suppose, that he had a right to keep silent on these matters in the former trial, and then bring them up in a subsequent suit. But he seems to think that these matters, not being put in issue and tried, were not

(1) WRIGHT, C. J., having been of counsel, took no part in the decision of this cause.

adjudicated. It must be remembered, that the former suit was brought to settle the title to said lot, and obtain the possession thereof, and that, therefore, whatever went to show that the plaintiff in that suit had no right nor title, *ought to have been pleaded;* and that, by not putting them in issue, the complainant has surrendered or lost the benefit of them, unless the omission was under some of those circum-stances from which chancery will relieve him. And of these, he has shown none. These matters here shown, are but points going to prove or disprove title in the former plaintiff. The principal issue in that suit, that is, the issue of title, *involved* all these. *Major continet in se minus.* The former judgment is conclusive, and determines this case.

Another point will be adverted to briefly. It is at least doubtful, whether the cause of this action is a subject of chancery jurisdiction. There is no one equitable circum-stance set forth in the petition, and none is indicated by the transaction, unless the complainant could have averred, that Ayres bought of Crews, with notice of the mortgage from Crews to Campbell. But this he does not do. And if he had done it, and the fact had been proven, how would that warrant a decree, that Ayres should release title to Campbell, on the latter paying him two hundred ·and fifty-four dollars? It might have been good ground to decree that Ayres should hold subject to the mortgage, and that this should first be satisfied, but it is not easy to see how that could *take away* Ayres' title *by decree;* and further, the prayer of the bill does not seek to subject Ayres' title to Campbell's mortgage, but to set aside Ayres' deed, and for a decree of title in Campbell.

The decree of the District Court is reversed, and the bill dismissed, but without prejudice.