## KENYON v. WILSON.

### THE SAME v. BAKER.

**Former Adjudication:** MORTGAGE FORECLOSURE: BAR TO RELIEF
WHICH MIGHT HAVE BEEN HAD. An adjudication is final and con-
clusive of all matters in a case which the parties could have
presented for adjudication. And so, where plaintiff foreclosed a
chattel mortgage in equity against the mortgagor and the purchas-
ers of the mortgaged property, and procured a personal judgment
against the mortgagor, and only an order for special execution as
against the purchasers, *held* that he might in that action have had
personal judgment, and an absolute or provisional decree for gen-
eral execution, against the purchasers, and that he could not main-
tain subsequent actions against them for personal judgments for
the value of the property.

*Appeal from Jasper District Court.*—HON. W. R.
LEWIS, Judge.

FILED, OCTOBER 11, 1889.

ACTION at law to recover the value of certain cattle
taken and converted to his own use by each of the
defendants, upon which plaintiff holds a chattel mort-
gage, which has been foreclosed, and judgment rendered
against the mortgagor for the debt. The cases involve
like facts, and were tried together to the court, without
a jury, and judgment rendered for plaintiff. Defend-
ants appeal.

*Kerr & McElroy* and *Phillips & Day*, for appel-
lants.

*Alanson Clark*, for appellee.

BECK, J.—I. The petitions in these cases are sub-
stantially alike. They allege that one Tramel, to secure
a promissory note held by plaintiff, executed a chattel
mortgage upon fifty steers, which was foreclosed in an
action against Tramel, in which a personal judgment

was entered against him, as well as a decree foreclosing
the mortgage against defendants in these cases. It is
alleged that each of the defendants, after the registry of
the mortgage, had purchased portions of the cattle from
the mortgagor. The decree of foreclosure contains no
judgment against defendants, but directs that a special
execution shall issue against all of the property mort-
gaged. But the defendants have disposed of the cattle
held by them, converting the property to their own use.
The defendant in each case pleads that the matters upon
which plaintiff bases his claims against them are *res
adjudicatæ*, having been involved in the original fore-
closure proceedings.

II. It is plain that the identical relief—a personal
judgment against defendants—sought in these actions
could have been recovered in the original foreclosure
proceeding. If defendants were liable for the conver-
sion of the property, a decree could have been entered
requiring them to surrender it in execution ; and, upon
failure, execution could have issued against them for
the value of the property. In case defendants had dis-
posed of the property before judgment, the decree could
have so provided that the execution should issue at
once. There can be no doubt that plaintiff could have
had full and adequate relief in the original action for
the deprivation of any right which he did suffer or
would suffer by reason of the appropriation of the mort-
gaged property to his own use.

III. An adjudication is final and conclusive of all
matters in a case which the parties could have presented
to the court for adjudication in the case. The law hates
a multiplicity of suits, and will not permit a plaintiff to
split up his demands, presenting one at a time, in sepa-
rate successive actions. He must litigate all matters
growing out of his causes of action upon which a
remedy may be sought in one action. Thus he cannot
seek a foreclosure of a mortgage in one action, and in a
subsequent action ask for a personal judgment against
the defendant. He could have recovered both remedies
the first action, and must be content with what he

first recovers. *Hempstead v. City of Des Moines*, 63 Iowa, 36 ; *Oliver v. Montgomery*, 39 Iowa, 601 ; *Sweeny v. Daugherty*, 23 Iowa, 291 ; *Campbell v. Ayers*, 1 Iowa, 257.

In our opinion, the district court erred upon the undisputed facts of the case in not holding that plaintiff was estopped by the prior adjudication to prosecute this action. This conclusion is decisive of the case, and renders the consideration of other questions unnecessary. The judgment of the district court is

　　　　　　　　　　　　　　　　　　　　　REVERSED.