W. M. STRAND, Appellee, v. AMBROSE A. HALVERSON, Appellant.

No. 43148.

DECEMBER 17, 1935.

H. A. Olson and A. C. Lynch, for appellant.

Strand & Strand and C. N. Houck, for appellee.

KINTZINGER, C. J.—On April 6, 1931, plaintiff filed a petition against the defendant upon a promissory note in the sum of $300, and asked judgment thereon with interest and costs. As personal service could not be had upon the defendant at that time, plaintiff secured a writ of attachment and thereunder garnished E. R. Haines, administrator of the estate of Ambrose A. Halverson, and secured service by publication as required by statute. On June 15, 1931, the court entered judgment in rem against the property attached for $96.57, which was credited on the note. No personal judgment was or could have been entered against the defendant at that time.

Three years later, plaintiff caused another writ of attach-

ment to issue in the same action, under which John J. Dyshaw, executor of another estate, was garnished. Defendant then appeared therein specially, and moved to dismiss the case for want of service. The court held, on the special appearance, that there had not been sufficient service to cover the amount of the new attachment, and continued the case for service until after an amended and substituted petition was filed. Thereupon plaintiff filed an amended and substituted petition, alleging the same matters alleged in the original petition, except that defendant was credited thereon with the $96.57 judgment in rem entered and received under the original garnishment. Personal service thereon was also made upon defendant.

Thereafter, defendant filed an answer alleging that the judgment entered on June 15, 1931, was res adjudicata and a bar to the present action. A jury being waived, the case was tried to the court and final judgment of $342.40 was entered against the defendant. On the trial of the case, the note was introduced in evidence over defendant's objection that it was not properly identified and that the note was merged in the former judgment.

The errors relied on are, substantially, (1) that the note was improperly introduced in evidence because it was not properly identified; and (2) that the note was merged in the judgment in rem entered on June 15, 1931.

I. The defendant's answer did not deny the genuineness of the signature of the note sued on as required by section 11218 of the Code. Appellant's objection thereto is, therefore, not well taken.

II. Appellant further contends that the note sued on was merged in the judgment in rem entered in the original attachment proceedings.

It is the settled rule of law that a judgment in rem entered against property attached is not sufficient to extinguish the entire indebtedness. 34 Corpus Juris, 768. This statement of the law is set out in 34 Corpus Juris, 768, section 1183, as follows:

"So where a prior judgment is valid and enforceable for some purposes only, as when, being based upon constructive service of process on a nonresident, its enforcement is limited to specific property, it is not a bar to a subsequent action to obtain a judgment enforceable against defendant personally."

The only judgment secured under the original attachment proceedings was a judgment *in rem* against the garnishee, E. R. Haines, administrator of the estate of Ambrose A. Halverson. This was not a personal judgment against the defendant. However, this judgment was entered by the court on a finding that the defendant was in default for want of an appearance.

If there had been personal service on the defendant or an appearance by him in the action when the judgment in rem was entered, the plaintiff, under the pleadings as they then stood, would have been entitled to a default for the entire amount claimed, as the petition was sworn to and not denied.

Defendant contends that because a judgment in rem for only $96.57 was entered against the garnishee at that time, that such sum was the only amount then owing plaintiff from the defendant. We think, however, that under the pleadings as they then stood, the only inference that can be drawn from that situation is that $96.57 was the total amount then due from the garnishee to the *defendant,* and not that it was the total amount then due plaintiff on the note. If the judgment entered had been a personal judgment against the defendant, the contention that the note was merged in the judgment would have been good. Under the situation here presented, however, it was not. Gutschenritter v. Whitmore, 158 Iowa 252, loc. cit. 262, 139 N. W. 567, 571. In that case the court said:

"It is to be observed * * * that the entry contains no express finding that any thing was owing plaintiff by Brown, nor does it refer to any judgment in the original action against Brown. Section 3952 of the Code declares that, 'when a judgment is rendered against a garnishee, the same shall distinctly refer to the original judgment.' This is for the reason that the order on the garnishee to pay is dependent on the judgment against the defendant, in the absence of which the garnishee cannot be required to pay. As service on the defendant was by publication only, personal judgment might not have been entered against him, and the court did not acquire jurisdiction until it was ascertained that the garnishee was indebted to him. In some states personal judgments are entered against defendants on notice by publication, to be satisfied by special execution only, and in others the judgment against the garnishee merely includes a finding of the amount owing by the debtor to plain-

tiff, and direction for the application of the proceeds of the levy of the attachment. The form of entries is not so material, as judgment on such service is not regarded as final, like a personal judgment, * * * nor is it evidence of anything owing or a bar against subsequent action, unless satisfied by the garnishee. * * * Where there is personal service of the original notice, the statutes undoubtedly contemplate a judgment against the defendant and a separate judgment entry against the garnishee; * * * but when jurisdiction over defendant personally is not acquired, and is exercised against defendant's property only through service of the original notice by publication, all the court may do is to condemn the property seized under the writ * * * or in the hands of the garnishee to the satisfaction of the indebtedness found to be owing plaintiff by defendant, and there is no necessity for two judgment entries to accomplish this. * * *

"Reverting to the judgment entry set out, it will be observed that everything essential to its validity is contained therein, with the possible exception of a finding of the amount owing by defendant to plaintiff. That is not expressly found, but is clearly to be inferred therefrom. Manifestly the amount of the judgment was fixed at less than the indebtedness of the garnishee to defendant, for that only such amount was owing by the latter to plaintiff, and, as the court could enter judgment against the garnishee only upon a finding that a like amount was owing plaintiff, *it is to be inferred that the court actually found defendant to have been indebted to plaintiff in the sum for which judgment was entered against the garnishee.*" (Italics ours.)

It does not necessarily follow that because the court, under the original attachment, entered judgment against the garnishee in the sum of $96.57, that such sum was the only amount owing by the defendant to the plaintiff. In the absence of a showing to the contrary, it is rather to be inferred that such was the only amount due or owing by the garnishee to the defendant. That the defendant was indebted to plaintiff for the entire amount of the note, less the amount credited thereon, is shown in the evidence without dispute.

In this case it is our conclusion that the judgment in rem against the original garnishee in the sum of $96.57 was not sufficient to merge the note sued on in the judgment entered in rem.

1280

As no other errors have been sufficiently pointed out to warrant a reversal, the judgment of the lower court is hereby affirmed.—Affirmed.

All Justices concur.