**BRENTON STATE BANK OF JEFFERSON, Appellee,**

v.

**John F. TIFFANY, Donna M. Tiffany d/b/a Tiffany Farms and d/b/a Diamond Ring Farm Service and d/b/a First Farlin Company, Appellants.**

No. 85–1789.

Supreme Court of Iowa.

Feb. 18, 1987.

Robert N. Calbi of Law Offices of Scott H. Hughes, Council Bluffs, for appellants.

Rodney P. Kubat and Megan M. Antenucci of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, and Michael F. Mumma of the Mumma Law Firm, Jefferson, for appellee.

Considered by REYNOLDSON, C.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

CARTER, Justice.

The defendants in a replevin action appeal from a judgment entered in favor of the plaintiff bank (the bank) for money damages in lieu of possession of collateral. Their primary contention on appeal is that the indebtedness upon which the bank's claims in the replevin action are based had been fully merged in a judgment entered in favor of the bank against these defendants in a separate action. Accordingly, defendants urge that the bank should not be permitted to obtain two judgments on the same underlying indebtedness. For reasons hereinafter stated, we agree with appellant's contentions and reverse the judgment of the district court.

On July 24, 1984, defendants executed and delivered a promissory note in the principal sum of $460,000 to the bank. This note was secured by a mortgage on certain real estate of a quantity exceeding ten acres and by a security interest in personal property consisting of the debtors' machinery and equipment. Upon default by the debtors, this replevin action was commenced in November 1984 for possession of this personal property. The replevin action was subsequently stayed as a result of a chapter 7 bankruptcy proceeding initiated by defendants.

After the federal bankruptcy court lifted that stay, the bank initiated a separate action against defendants to foreclose its mortgage on defendants' real estate. On June 25, 1985, the bank obtained a default judgment in the real estate foreclosure action. The judgment was in rem against the mortgaged property for the full amount of defendants' indebtedness on the July 24, 1984 note. No personal judgment was granted against either of the defendants.

Subsequently, the defendants urged in the replevin action that, because their underlying indebtedness to the bank had become fully merged in the real estate foreclosure judgment, the bank was precluded from obtaining a second judgment on the same indebtedness in the replevin action. In response to this claim, the bank on October 11, 1985, obtained an order from the district court in the mortgage foreclosure action vacating the default judgment entered June 25, 1985. The application upon which the latter order was based recited that the judgment entered in that action was void because it provided for a shortened redemption period under Iowa Code section 628.26 and section 628.27 (1985) with respect to a mortgage secured by more than ten acres of real property.

Notwithstanding the order purporting to vacate the judgment in the mortgage foreclosure action, the defendants continued to urge such judgment as a bar to the bank's claim in this action. The district court determined that the foreclosure judgment had been properly set aside and rejected defendant's "merger" defense. It proceeded to grant the bank's motion for summary judgment in this action.

On appeal defendants urge that, based on the determinations made in *Robco Transportation, Inc. v. Ritter*, 356 N.W.2d

497 (Iowa 1984), the district court could not "undo its final judgment absent a motion to enlarge under rule 179(b) or a petition to vacate under rule 252." *See id.* at 499. Consequently, they argue, their "merger" defense continued to be viable at the time judgment was entered against them in this action, and the district court's failure to recognize that defense constitutes reversible error.

■ The bank contends that our holding in *Wederath v. Brant,* 287 N.W.2d 591 (Iowa 1980), establishes the district court's right to set aside the June 25, 1985 foreclosure judgment at any time after its entry because the court had no legal authority to enter that judgment. Specifically, the bank urges that legal authority for the judgment was lacking because it purported to apply the shortened redemption period authorized in Iowa Code section 628.26 and section 628.27 to a tract of land consisting of more than ten acres.

We find no merit in the bank's contention. Unlike the situation presented in *Wederath,* the only limitation these statutes place upon the court's power is in regard to approving a shortened period of redemption. The bank is not seeking to invoke the ten-acre limitation contained in these statutes in order to correct an erroneous order fixing the time for redemption. It is attempting to justify the voiding of the entire judgment. Neither section 628.26 nor section 628.27 places any limitation on the power of the court in a mortgage foreclosure action to enter a judgment in rem and to withhold entry of personal judgment against the debtors. Nor does it appear that the court's action in doing so was otherwise beyond its legal authority. The record reflects it acted on the specific request of the bank.

Perhaps the fact that the bank, in seeking such judgment, may have been motivated by either a mistake of fact or a mistake of law concerning the ten-acre limitation in the redemption statutes could be a ground for seeking relief from the judgment under proper procedures. Those procedures described in *Robco* were not followed in ob-taining the October 11, 1985 order vacating judgment. The latter order is therefore void. Unless and until some valid procedure is invoked to vacate the June 25, 1985 judgment, it remains viable.

■ Consequently, defendants' merger defense is, at the present time, meritorious. *Schnuettgen v. Mathewson,* 207 Iowa 294, 298, 222 N.W. 893, 895 (1929) (when mortgagee forecloses based on personal service on debtor, this exhausts the full measure of the remedy available—fact that mortgagee took decree for less than that to which it was entitled does not preserve right to recover by second action). The dictates of the *Schnuettgen* case are in no way minimized by the fact that the judgment of foreclosure was in rem against the mortgaged property. The action was an in personam action, and this was the final judgment in the case. Under such circumstances, a judgment given for less than the full relief requested will be interpreted as a denial of further relief. *See Watson v. Chapman,* 244 Iowa 56, 60, 55 N.W.2d 555, 557 (1952).

The judgment of the district court is reversed and the action remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.