The FEDERAL LAND BANK OF OMAHA, Appellee,

v.

FAUGHT BROS., INC., an Iowa Corporation; Roger D. Faught; David A. Faught; Gary G. Faught; Audrey Faught, Appellants,

and

Worth County, Iowa, Defendant.

The FEDERAL LAND BANK OF OMAHA, Appellee,

v.

Audrey FAUGHT and Dorothy E. Faught, Husband and Wife; Gary Gilbert Faught a/k/a Gary G. Faught and Deloris L. Faught, Husband and Wife; Faught Brothers, Inc., Appellants,

and

First State Bank of Manly, Iowa, and United States of America—Commodity Credit Corporation, Defendants.

The FEDERAL LAND BANK OF OMAHA, Appellee,

v.

Audrey FAUGHT and Dorothy E. Faught, Husband and Wife; and Roger D. Faught and Donna Faught, Husband and Wife, Appellants.

Nos. 89–907, 90–303.

Supreme Court of Iowa.

Feb. 20, 1991.

Review Denied May 9, 1991.

David M. Nelsen of Nelsen Law Office, Mason City, for appellants.

Rodney P. Kubat and August B. Landis of Whitfield, Musgrave & Eddy, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and LAVORATO, JJ.

HARRIS, Justice.

The question is whether, in these special circumstances, a mortgagee can proceed with a general execution for a deficiency remaining after a special execution to foreclose on mortgaged farmland. A complicating factor in the dispute is an automatic stay of these proceedings resulting from a bankruptcy proceeding instituted by the borrower. That fact obliged the mortgagee for a time to forego any action beyond foreclosing on the land itself. The dispute is whether a right to levy for the deficiency became lost. The trial court held it did not and determined that general execution was still appropriate. We disagree.

Two actions have been consolidated for this appeal. They were derived from three foreclosure actions filed in February 1985 against defendants who are various Faught family members and Faught Brothers, Inc., a family corporation. The three actions were brought by plaintiff mortgagee Federal Land Bank of Omaha (FLB). FLB sought (1) personal judgment against defendants, (2) foreclosure of various farm mortgages, (3) possession of the farms, and (4) appointment of receivers in all cases. The following month the Faughts filed for protection under chapter eleven of title II of the United States Code. The automatic stay provisions of 11 U.S.C. section 362 became effective.

The federal bankruptcy court modified the stay on February 2, 1987. According to the modification order the stay would be lifted only as to the mortgaged real estate so as "to allow [FLB] to proceed with foreclosure of its mortgages and for enforcement in such foreclosure proceedings of all

its rights under those instruments." On April 13, 1987, FLB amended its petition so as to *eliminate* the prayer for personal judgments and to insert a prayer for a judgment *only* against the realty.

On May 8, 1987, FLB moved for default judgment and a special execution against the mortgaged real estate. On May 29, 1987, the court entered a decree in rem, foreclosing the mortgages against the farmland and for special execution. At that point no general execution was asked for and none was ordered. FLB purchased the tracts at the sheriff's sales. There remained a substantial deficiency on all three tracts. The Faughts' bankruptcy case was dismissed unconditionally by the federal court on June 8, 1988; a copy of the dismissal was filed in this case by FLB on October 25, 1988. In October 1988 the Faughts redeemed two of the three tracts.

The present litigation involves FLB's attempt to collect on the deficiency remaining after the foreclosure. On October 25, 1988, FLB applied for a general execution against the Faughts. The Faughts vigorously contend that FLB is precluded from any remedy relating to the deficiency because FLB elected to obtain an in rem judgment. The Faughts appeal from a trial court ruling which rejected this contention.

■■■ I. In a proper case and with employment of the proper procedure it is possible to follow a foreclosure and special execution with a general execution to recover the deficiency. Such a course is clearly authorized and frequently undertaken under authority of Iowa Code sections 654.5 and 654.6 (1989).[1] But the statutory scheme under sections 654.5 and 654.6 is not all embracing in that it does not operate where there are separate proceedings seeking separate judgments.

---

1. Section 654.5 provides:

   When a mortgage or deed of trust is foreclosed, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the judgment, with interest and costs. A special execution shall issue accordingly, and the sale under the special execution is subject to redemption as in cases of sale under general

   execution unless the plaintiff has elected foreclosure without redemption under section 654.20.

   Section 654.6 provides:

   If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution may be issued against the mortgagor, unless the parties have stipulated otherwise.

This is made clear by Iowa Code section 654.4 [2] which requires an election when separate actions on the note and the mortgage are brought in the same county. This provision suggests that the authority to proceed for the deficiency, authorized in section 654.5, is both unique and circumscribed. Outside the ambit of the scheme authorized by sections 654.4 and 654.5, one seeking to recover a deficiency runs afoul of a long-established election of remedies principle. In *Schnuettgen v. Mathewson*, 207 Iowa 294, 300, 222 N.W. 893, 896 (1929), we said:

> We have held that a mortgagee may maintain a personal action on his note against the debtor, and may, after judgment therein, foreclose his mortgage. But we have never held that a mortgagee who has foreclosed his mortgage by good personal service may afterwards maintain the separate action upon his promissory note. Indeed, we have held affirmatively to the contrary.

*See also Kenyon v. Wilson*, 78 Iowa 408, 409, 43 N.W. 227, 227 (1889) ("cannot seek foreclosure of a mortgage in one action, and in a subsequent action ask for a personal judgment").

■ FLB insists its actions fell under the ambit of sections 654.4 and 654.5, and did not run afoul of the prohibitions of separate actions. The crux of the matter, as previously indicated, is that FLB originally petitioned for routine relief, seeking sequentially the foreclosure and any deficiency. To this end it originally sought both in rem and in personam judgments. FLB argues it was driven from this position by the federal bankruptcy court and it was for this reason that it amended its petition.

This appeal turns, however, not so much on what impelled FLB to take the action it did, as upon the legal effect of the action taken. At the time judgment was entered in rem, foreclosing the mortgage, it was the only relief being sought. The petition for in personam judgment had, for whatever reason, been withdrawn. The effect was to resolve the dispute then existing between the parties. *Kenyon v. Wilson*, 78 Iowa at 409, 43 N.W. at 228 (foreclosure inclusive of all disputed matters). When the Faughts' farms were later sold at sheriff's sale the judgment in rem was satisfied. FLB could not thereafter obtain a general execution to satisfy the deficiency.

■ II. In July 1987 a receiver was appointed pursuant to Iowa Code section 654.-14 and the parties both claim the right to the receivership proceeds for the two farms which the Faughts later redeemed. Both parties ground their claims to these proceeds on their differing views with regard to FLB's right to seek a deficiency judgment. It was on this basis that the trial court awarded the proceeds to FLB.

Cases suggest a lender's rights to receivership proceeds spring from the mortgage independently, and need not be controlled by the scope of a foreclosure proceeding. *See Interstate Businessmen's Accident Ass'n, Inc. v. Estate of Nichols*, 213 Iowa 12, 14–15, 238 N.W. 435, 436 (1931). The *Interstate* case, however, differed from the present one in one crucial respect. When the in rem judgment was entered foreclosing the mortgage, the decree expressly reserved the receivership question for future determination. There was no reservation of the receivership issue when the in rem judgment was entered in the present case, and the order appointing the receiver was entered more than two months later. Under the special facts of the present case we agree with the parties and the trial court that the right to receivership proceeds should turn on the right to a deficiency judgment. Because we have determined FLB has no such right, it follows that receivership proceeds should go to the Faughts.

The case is reversed and remanded to the district court for entry of a decree in conformance with this opinion.

**REVERSED AND REMANDED.**

---

**2.** Iowa Code section 654.4 states:

If separate actions are brought in the same county on the bond or note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at the plaintiff's cost.