**FARM CREDIT BANK OF OMAHA f/k/a Federal Land Bank of Omaha, Appellant,**

v.

**Audrey O. FAUGHT and Dorothy E. Faught, husband and wife; and Faught Bros., Inc., an Iowa Corporation; David A. Faught; Gary G. Faught and Deloris L. Faught, husband and wife, Appellees.**

**No. 91–1617.**

Supreme Court of Iowa.

Nov. 25, 1992.

Rodney P. Kubat of Whitfield, Musgrave & Eddy, Des Moines, for appellant.

David M. Nelsen and Charles H. Biebesheimer of Nelsen Law Office, Mason City, for appellees.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

This is the second round in an ongoing dispute between Farm Credit Bank of Oma-

ha and the Faught family over the bank's effort to recoup losses stemming from the Faughts' default on several sizable promissory notes. In an earlier appeal we held that the bank—which was granted judgment in rem upon foreclosure of mortgages securing this debt—was prevented from levying general execution on the defendants' personal property. *Federal Land Bank of Omaha v. Faught Bros., Inc.,* 468 N.W.2d 793, 795 (Iowa 1991) (hereinafter *Faught I*). While that appeal was pending, the bank brought this separate action to recover personal judgment on the delinquent notes. We now affirm the district court's view that the present action is barred by the doctrine of merger.

The facts are not disputed. In the early 1980s, defendant Faught Bros., Inc., along with the family members named individually as defendants, executed three promissory notes in favor of the bank (then known as the Federal Land Bank) secured by three real estate mortgages. By 1985 all three notes were in default. The bank filed three mortgage foreclosure actions which sought personal judgment against the Faughts and in rem judgment against the land in a sum exceeding $1.5 million.

The Faughts responded by filing chapter 11 proceedings in bankruptcy. Two years later the bank obtained an order from the bankruptcy court granting it limited relief from the automatic stay. Permitted to pursue in rem relief against the Faught real estate, the bank filed an amended foreclosure petition, deleting its prayer for personal judgment and seeking in rem judgment only. Thereafter the district court foreclosed the mortgages and entered judgment in rem against the real estate for the full amount of principal and interest then owing on the notes. It also ordered special execution for sale of the farms. The bank purchased the property at sheriff's sale on a bid substantially less than the full amount of its judgment. Thereafter the Faughts redeemed two out of the three tracts of land.

The Faughts dismissed their bankruptcy petition. The bank then sought a general execution to recover the "deficiency" that remained after the sheriff's sale. In *Faught I* we held that once the bank withdrew its claim for personal judgment, and proceeded in rem against the real estate for the full amount of the indebtedness, the legal effect was to "resolve the dispute then existing between the parties." *Faught I,* 468 N.W.2d at 795. Therefore no deficiency existed upon which the bank could justify general execution upon the Faughts' personal property.

Perhaps anticipating the outcome in *Faught I,* the bank also commenced this separate action seeking personal judgment on the Faughts' unpaid promissory obligations. Faughts moved for summary judgment and the bank countered with its own motion for summary relief. The bank argued that it was legally and equitably entitled to personal judgment on the notes because the Faughts' bankruptcy action had prevented it from pursuing this remedy along with the foreclosure. The court rejected this argument and the bank now appeals.

I. Before adjudicating the merits of the bank's appeal, we briefly address Faughts' challenge to our appellate jurisdiction.

■ The district court's original decision in this case denied the Faughts' motion and entered summary judgment for the bank. The Faughts moved for reconsideration under Iowa Rule of Civil Procedure 179(b). Five days later we filed our decision in *Faught I.* Thereafter the court sustained the Faughts' motion, reversing its earlier position and entering summary judgment in Faughts' favor.

The bank then sought, and was granted, leave to extend the time for filing its own rule 179(b) motion while this court considered its petition for rehearing in *Faught I.* Once this court acted on the petition for rehearing, the bank's rule 179(b) motion was heard and denied by the district court. The bank then filed a notice of appeal within thirty days.

The Faughts do not challenge the propriety of the court's grant of additional time for the bank to file its rule 179(b) motion. Rather it argues that the rules of civil procedure do not permit "the filing of a

179(b) motion on a previous 179(b) motion." Arguing that such an improper motion is ineffective to extend the deadlines for filing appeal, Faughts claim the bank's appeal was untimely and this court has lost jurisdiction to entertain it.

In support of its argument the bank cites *Doland v. Boone County*, 376 N.W.2d 870 (Iowa 1985). *Doland* involved the filing of successive motions that we concluded were without legal significance and hence ineffective to extend the plaintiff's time for appeal. *See id.* at 875–76. The Faughts contend that, much as in *Doland*, this case raises the specter that parties could "179(b) each other to death without ever resorting to final appeal."

This case, however, bears little resemblance to *Doland*. Here the bank's rule 179(b) motion, filed in response to the court's amended judgment, was neither successive nor repetitive of any earlier motion. In effect the bank did just what the Faughts had done earlier: moved to persuade the court that its judgment was erroneous. The motion was timely filed and appeal promptly taken upon its denial. Faughts' jurisdictional challenge is without merit.

■ II. Well-established principles defeat the bank's belated attempt to obtain personal judgment against the Faughts. We have long held that a mortgagee may not seek foreclosure of a mortgage in one action, and in a later one ask for personal judgment against the mortgagor. *Kenyon v. Wilson*, 78 Iowa 408, 409, 43 N.W. 227, 227 (1889). The reason is that both remedies could have been recovered in the first action. *Id.*, 43 N.W. at 227–28. Authority for the rule against splitting these causes of action may be traced to one of this court's earliest reported cases. *See Campbell v. Ayers*, 1 Iowa 257, 262 (1855).

This is not to say that a mortgagee is prevented from maintaining a personal judgment against the debtor on the note and, following judgment, foreclosing the mortgage. *Schnuettgen v. Mathewson*, 207 Iowa 294, 300, 222 N.W. 893, 896 (1929); *accord Brenton State Bank of Jefferson v. Tiffany*, 400 N.W.2d 576, 578 (Iowa 1987) (*Tiffany I*); *Brenton State Bank of Jefferson v. Tiffany*, 440 N.W.2d 583, 586 (Iowa 1989) (*Tiffany II*). This is because the mortgage remains a lien, subject to foreclosure, until the debt is paid. *Beckett v. Clark*, 225 Iowa 1012, 1015, 282 N.W. 724, 726 (1938). The distinction, as we explained in *Schnuettgen*, derives from the doctrine of merger:

> [W]hen the mortgagee forecloses his mortgage upon personal service, he exhausts the full measure of remedy available to him against such defendant.... The scope of the adjudication in a foreclosure decree is as broad as plaintiff's cause of action against the defendant which she has brought into court. The adjudication of the amount of the debt is the first prerequisite of a foreclosure decree. The amount of the debt, as adjudicated, becomes the conclusive basis of the right of redemption.... The fact that the plaintiff in her foreclosure suit prayed for less than she was entitled to, and took a decree accordingly, does not save to her the right to recover by a second action.

207 Iowa at 300–01, 222 N.W. at 896.

The bank mounts two challenges to our application of this settled law. First it claims we should follow *Smith v. Moore*, 112 Iowa 60, 83 N.W. 813 (1900), and *Strand v. Halverson*, 220 Iowa 1276, 264 N.W. 266 (1935), cases in which this court permitted mortgagees to foreclose real estate mortgages and thereafter seek personal judgments against the defaulting debtors. Notably the courts which had rendered the in rem judgments lacked personal jurisdiction over the mortgagors. *Strand*, 220 Iowa at 1276, 264 N.W. at 266; *Smith*, 112 Iowa at 65, 83 N.W. at 815. Hence the mortgagees had been unable to recover their full remedies and, accordingly, we ruled the notes did not merge with the in rem judgments. *Strand*, 220 Iowa at 1279, 264 N.W. at 268; *Smith*, 112 Iowa at 66, 83 N.W. at 815.

■ Here, the bank argues that the bankruptcy stay similarly prevented it from securing personal judgment against the Faughts. We are unaware, however,

of any legal duty which compelled the bank to dismiss its in personam claim in the first instance. In effect, it overreacted to the federal court's limited lifting of the bankruptcy stay. Its doing so was not without consequences. It unmistakably signaled an intent to proceed against the real estate and not against the Faughts, personally, thereby freeing them to dismiss the bankruptcy action altogether. To permit the bank to now backtrack on that decision would tip the scales unfairly in the bank's favor. The Faughts could have discharged their indebtedness in bankruptcy, thereby leaving the bank in the same position in which it now finds itself. *Bisby v. Walker,* 185 Iowa 743, 751–52, 169 N.W. 467, 470 (1918).

The bank argues, alternatively, that we should permit it to proceed in order to do equity between the parties. *See Tiffany II,* 440 N.W.2d at 586 (equitable concerns dictate limitation on merger doctrine where application will deprive litigant of cause of action). Its equitable argument includes claims that (1) permitting the Faughts to escape their financial obligations would give them an "outrageous" windfall; (2) since Faughts have never had to defend against liability before, it is not unfair or duplicitous to make them respond now; (3) language in the notes permits the mortgagee to delay their enforcement; and (4) dismissal of this action exalts form over substance. Although the list is lengthy, we find the arguments unconvincing.

The bank's first equitable argument fails because what the bank now views as Faughts' "windfall" is precisely the "fresh start" to which they would have been entitled had they not dismissed their bankruptcy petition on the strength of the bank's conduct.

To allege lack of multiplicity of suits as justification for the present action misconstrues the whole notion of merger. The bank had its day in court. It chose the expedient route of taking the real estate in satisfaction of its indebtedness.

To hold the bank to its chosen remedy neither exalts form over substance nor offends the "no waiver" provisions of the promissory notes. Such provisions protect a bank which delays exercising its privileges under the notes. They are inapplicable here because the bank did not delay, but proceeded to exercise, its rights under the contract.

For all of these reasons we affirm the district court's summary judgment in favor of the defendants.

AFFIRMED.