_____

No. 95-1102
_____

United States of America,           *
                                    *
          Plaintiff - Appellee,     *   Appeal from the United States
                                    *   District Court for the
     v.                             *   Southern District of Iowa.
                                    *
John W. Peckham,                    *
                                    *
          Defendant - Appellant,*
                                    *
M. Louise Peckham,                  *
                                    *
Victor Edwards,                     *
                                    *
          Defendants.               *
                            _____

               Submitted:  September 15, 1995

                  Filed:  December 27, 1995
                            _____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and HANSEN,        Circuit
Judges.
                            _____

HANSEN, Circuit Judge.

     John W. Peckham appeals from the district court's[1] denial of his
motion to alter or amend an order directing the United States Marshal to
reimburse the government from the proceeds of a foreclosure sale for real
estate taxes the government had advanced prior to the entry of the
foreclosure judgment.  Peckham argues that the district court erred because
the foreclosure judgment did not specifically provide for reimbursement of
prior paid taxes.  We affirm the order of the district court.

_____

     [1]The Honorable Ronald E. Longstaff, United States District
Judge for the Southern District of Iowa.

The following facts are undisputed. The United States of America, acting through the Farmers Home Administration, made several loans to John W. and M. Louise Peckham which were secured by a mortgage on the Peckhams' real estate. When the Peckhams defaulted on the loans, the government filed a complaint for foreclosure on the property. The parties negotiated a settlement, which the district court finalized in a judgment and decree of foreclosure on May 25, 1994. The judgment provided for the payment from the proceeds of the ordered sale of the unpaid principal, accrued interest, and costs of the litigation and of the execution sale.

A writ of execution was issued pursuant to the judgment, and the United States Marshal sold the property. When the property sold for more than the value of the encumbrances against it, John Peckham filed a motion to compel the government to pay him the overplus. The government replied, stating that Peckham was entitled to a lesser amount than he sought after the government calculated its costs and interest, which included the delinquent real estate taxes which the government had advanced the day before the foreclosure judgment was entered. The district court entered an order requiring payment to Peckham of an overplus of $34,138.53, as calculated by the government.

Peckham then filed a motion to alter or amend the order, asserting that he was entitled to a $65,541.96 overplus. Peckham contended that the government was not entitled to the amount it had paid in real estate taxes one day before the district court entered the foreclosure judgment. Specifically, Peckham argued that the judgment did not provide for reimbursement of real estate taxes paid prior to the judgment. He further argued that the mortgage agreement itself, which did provide for reimbursement of tax payments advanced by the mortgagee to protect its interests, did

not provide the court any authority, because under Iowa law the agreement had merged into the judgment. The district court held a hearing on Peckham's motion to alter or amend the order and found that the real estate taxes were costs to which the government was entitled pursuant to the foreclosure judgment and denied Peckham relief. Peckham appeals.

## II.

We review a motion to alter or amend a judgment for an abuse of discretion. See Creative Cookware, Inc. v. Northland Aluminum Prods., 678 F.2d 746, 751 n.12 (8th Cir. 1982) (citing 6A Moore's Federal Practice at 59.15(4)).

As a preliminary matter, we observe that "federal law governs questions involving the rights of the United States arising under nationwide federal programs." United States v. Kimbell Foods, Inc., 440 U.S. 715, 726 (1979). Under 28 U.S.C. § 2410(c), we apply "the local law of the place where the court is situated" to determine the effect of a foreclosure judgment on a mortgage held by the United States. Cf. Donovan v. Farmers Home Admin., 19 F.3d 1267, 1268-70 (8th Cir. 1994) (applying state law under § 2410(c) to determine the status of the government's lien).

Peckham relies on the doctrine of merger, which is well-settled law in Iowa. Under this doctrine, a mortgagee who obtains an in rem judgment is limited to the terms of that judgment and cannot subsequently pursue an in personam judgment on the underlying obligation. Farm Credit Bank of Omaha v. Faught, 492 N.W.2d 422, 424 (Iowa 1992). "The doctrine of merger is an aspect of res judicata which prevents relitigation of existing judgments. . . . It serves to prevent the splitting of causes of action." Brenton State Bank of Jefferson v. Tiffany, 440 N.W.2d 583, 585 (Iowa 1989) (citations omitted).

We disagree with Peckham's assertion that the doctrine of merger applies to this case. This case does not involve a creditor splitting causes of action. The government did not pursue a separate, in personam suit against the Peckhams after obtaining an in rem judgment; rather, the government contested the Peckhams' calculations on the amount of overplus due to them under the foreclosure judgment from the sale of the property. The district court did not render a second judgment on the underlying debt after entering an in rem judgment on the mortgage; rather, it interpreted the original in rem judgment to include the real estate taxes as reimbursable costs of the Marshal's sale. Thus, the question here is not whether the debt merged into the judgment, thus precluding a second judgment, but whether the district court abused its discretion in determining that the advanced real estate taxes were costs reimbursable under the foreclosure judgment. See United States v. Heasley, 283 F.2d 422, 426-27 (8th Cir. 1960) ("[T]he rule in federal courts is well settled that the matter of confirming a judicial sale rests in the sound judicial discretion of the trial court and this discretion will not be disturbed on appeal except in cases of its abuse.").

After carefully reviewing the record and the parties' briefs, we find no abuse of discretion. Peckham contends that the language of the judgment did not grant the court authority to order reimbursement, noting that the judgment does not specifically provide for the reimbursement of prejudgment costs and that the itemized award does not include real estate taxes. We believe, however, that the judgment contains language supporting the district court's decision. The judgment states that the Marshal's Service is to deduct the costs of the sale and then bring the remaining proceeds into court to satisfy the interest and the plaintiff's judgment. In our view, the government paid the real estate taxes as a cost incurred in preparation for the Marshal's sale. Because the Marshal had authority per the judgment to pay

4

these as costs of sale, the district court did not abuse its discretion in ordering payment.

Furthermore, the record indicates that neither the government nor the Peckhams intended the settlement--which was finalized in the judgment--to preclude the government from recovering all of its costs. In fact, Peckham concedes that at the time the judgment was entered, he had no idea the government had already paid the delinquent taxes. Thus, he assumed that the government would incur any costs to facilitate the sale after the judgment was entered and that those costs would be reimbursed from the proceeds of the sale. It was, of course, reasonable for the parties to believe the settlement provided for the government's reimbursement of costs, because the parties had explicitly agreed to this in the mortgage agreement. Looking at this record, the district court had ample evidence from which to conclude that the settlement which became the final judgment contemplated distribution of sale proceeds only after all of the government's costs of sale had been reimbursed.

Peckham argues that to affirm the district court's decision would be to circumvent Iowa's merger doctrine by effectively granting an in personam judgment to the government after it had formerly obtained an in rem judgment. As explained above, we view the court's decision as an application of the original judgment, not a grant of a separate, in personam judgment. However, even if we were to accept Peckham's view, Peckham's argument would not carry the day.

The application of the merger doctrine "is limited to equitable concerns" and "will not be carried any further than the ends of justice require." Brenton State Bank of Jefferson, 440 N.W.2d at 586. In this case, the Peckhams received under the district court's order exactly what was due to them. Had the government not advanced the taxes, the Peckhams would not have received any more than the court's order allowed them in this case,

5

because potential buyers would have reduced their bids to reflect that the property was being sold subject to the taxes. Thus, a reduced amount of initial overplus would have been available for distribution, but the final amount due the Peckhams would have been the same amount as the court finally ordered to be distributed to them. Simply stated, applying the merger doctrine to preclude the government from recapturing its advanced costs and thereby bestowing on the Peckhams a real windfall to which they are not entitled would not further the ends of justice. Accordingly, we do not believe the Supreme Court of Iowa would extend the doctrine of merger to the facts of this case. Cf. id. at 587-88 (noting that an application of the merger doctrine would result in the debtors receiving a considerable windfall at the expense of creditors).[2]

We have considered Peckham's remaining arguments and find them to be without merit. For the reasons stated above, we find no abuse of discretion in the district court's determination that the taxes were costs of the sale under the foreclosure judgment. Accordingly, we affirm the order of the district court.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Peckham contends that in Faught, 492 N.W.2d at 425, the Supreme Court of Iowa was unimpressed by a mortgagee's argument that application of the merger doctrine would result in a windfall to the mortgagor. A close reading of the case reveals, however, that the court was unimpressed because the alleged windfall was an illusion.