**Dawn (Fisk) BOUGHTON, Appellant,**

v.

**Kenneth McALLISTER, Keith McAllister, and Matthew Corey McAllister, Appellees.**

**No. 96–1125.**

Supreme Court of Iowa.

March 25, 1998.

Gregg Pieper, Fairfield, for appellant.

Allan C. Orsborn of Orsborn, Bauerle & Milani, Ottumwa, for appellees.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Plaintiff, Dawn Boughton, appeals the dismissal of her petition based on the district court's conclusion her delay in serving the defendants was abusive and unjustified. The defendants claim the plaintiff's notice of appeal was not timely filed. We agree and dismiss the appeal.

I. The plaintiff filed a personal injury action against the defendants, Kenneth McAllister, Keith McAllister, and Matthew Corey McAllister. She served the defendants more than 150 days after filing suit. The defendants' motion to dismiss, claiming the delay in service was abusive and unjustified, was granted by the district court. The plaintiff's two motions to reconsider, filed under Iowa Rule of Civil Procedure 179(b), were denied, and this appeal followed.

The plaintiff claims (1) the court erred in ruling on the defendants' motion to dismiss without considering the plaintiff's resistance, which was filed after the motion had been submitted to the court for ruling, and (2) the court erred in finding the delay was unjustified. The defendants assert we should not reach these issues because the plaintiff's appeal was untimely.

■ II. An appeal to the supreme court must be taken within thirty days from the entry of the district court's order or, if a rule 179(b) motion is filed, within thirty days after entry of the court's ruling on that motion. *See* Iowa R.App. P. 5(a). Here, the plaintiff filed two rule 179(b) motions. Her notice of appeal was filed within thirty days of the court's ruling on the second motion, but fifty-three days from the court's ruling on the first rule 179(b) motion. The defendants claim the plaintiff's second motion was repetitive of her first motion and, therefore, did not toll the time for filing an appeal.

■ Multiple motions to reconsider under rule 179(b) are permitted if they are not successive or repetitive of an earlier motion. *See Farm Credit Bank v. Faught,* 492 N.W.2d 422, 424 (Iowa 1992). In *Faught,* the district court had originally ruled in favor of the plaintiff bank. *Id.* at 423. In response to the defendant debtors' motion to reconsider, the court reversed its earlier ruling and entered judgment in favor of the debtors. *Id.* The bank then filed its own rule 179(b) motion, which was denied by the court. *Id.* The bank appealed within thirty days of the court's ruling on the bank's motion. *Id.* The debtors claimed the bank's motion was improper and did not toll the time for appeal. *Id.* at 424. We disagreed, noting that the bank's rule 179(b) motion "was neither suc-

cessive nor repetitive of any earlier motion." *Id.*

The *Faught* decision is helpfully contrasted with this court's opinion in *Doland v. Boone County,* 376 N.W.2d 870, 875 (Iowa 1985), where we concluded a second motion to reinstate was repetitive of an earlier motion. In *Doland,* the plaintiffs had made an oral application to reinstate their case, which had been dismissed pursuant to Iowa Rule of Civil Procedure 215.1. 376 N.W.2d at 872. The district court denied the plaintiffs' oral motion. *Id.* The plaintiffs then filed a written motion to reinstate, which was also denied by the district court. *Id.* On appeal, this court considered whether the plaintiffs' appeal, taken within thirty days of the denial of their written motion, was timely. *Id.* at 875. The answer to this question turned on whether the second application for reinstatement had legal significance. *Id.* We concluded it did not, relying on the view that one is not entitled to be reheard on a motion upon which the court has already ruled, unless the ruling is set aside. *Id.* (citing *Townsend v. Wisner,* 62 Iowa 672, 673, 18 N.W. 304, 304 (1884)).

In contrasting the *Faught* and *Doland* cases, one can readily identify a difference between the orders challenged by the second motions filed in those cases. In *Faught,* the second rule 179(b) motion was addressed to an entirely new judgment of the district court. The underlying issue had changed from the filing of the first rule 179(b) motion, and, accordingly, the second motion was not repetitive. In *Doland,* the second motion for rehearing was directed to the same order and issue that was the subject of the first motion for rehearing. Consequently, the second motion was repetitive.

The Fifth Circuit Court of Appeals used a similar rationale in considering whether an appeal was timely taken in *Charles L.M. v. Northeast Independent School District,* 884 F.2d 869 (5th Cir.1989). In *Charles,* the district court had granted the defendants' motion to dismiss for insufficient service of process. 884 F.2d at 869. The plaintiff then filed a timely motion to reconsider under Federal Rule of Civil Procedure 59(e), which

had the effect of tolling the thirty-day appeal period. *Id.* After receiving the district court's ruling denying the motion to reconsider, the plaintiff filed a second motion to reconsider. *Id.* at 870. This motion was directed to the court's ruling on the first motion to reconsider and asserted that the court had given new reasons for the dismissal not addressed in its original order dismissing the case. *Id.* When this motion was denied, the plaintiffs appealed. *Id.*

The Fifth Circuit dismissed the appeal as untimely, holding that the second motion to reconsider did not toll the time for appeal. *Id.* The court followed the rule that the appeal time begins to run when the district court files an order *denying* a timely post-judgment motion, leaving the original judgment " 'in effect and unchanged.' " *Id.* (quoting *Brown v. United Ins. Co. of Am.*, 807 F.2d 1239, 1242 (5th Cir.1987)). Only when the judgment is actually changed, noted the court, would a second motion to reconsider be appropriate. *Id.* The philosophy underlying these rules was expressed by the court:

> The interest of finality requires that parties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal. The appellant had ample opportunity to request reconsideration and, following its denial, to file a timely notice of appeal.

*Id.* at 871; *see also Texas & P. Ry. v. Perkins*, 48 S.W.2d 249, 250 (Tex. Comm'n App.1932) ("The rule is also well established ... that a second motion for rehearing by plaintiff in error cannot be used to secure an extension of time to complain of rulings made on a previous motion."). *See generally* Janet Boeth Jones, Annotation, *Tolling of Time for Filing Notice of Appeal in Civil Action in Federal Court Under Rule 4(a)(4) of Federal Rules of Appellate Procedure*, 74 A.L.R. Fed. 516, 529–30 (1985 & Supp.1997) (listing cases supporting the view that successive motions will not toll indefinitely the period for filing a notice of appeal). We agree with this view and think our *Faught* and *Doland* decisions are consistent with the approach taken by the Fifth Circuit in *Charles.*

III. We now turn to the facts of the case before us, which are remarkably similar to those in the *Charles* case. As stated above, the district court dismissed the plaintiff's case for failing to serve the defendants in a timely manner. The plaintiff's first motion to reconsider was directed to this ruling. The plaintiff claimed the court's ruling was based on "incomplete and mistaken facts"; she alleged there had been an agreement between plaintiff's counsel and the defendants' insurer to delay service. In denying the plaintiff's first rule 179(b) motion, the district court noted the plaintiff "did not respond in a timely manner" to the defendants' motion to dismiss and was now attempting to supplement the record that was before the court at the time the motion to dismiss was submitted. The court concluded it could consider only the facts properly before it at the time the motion to dismiss was submitted.

In the plaintiff's second rule 179(b) motion, she asked the court to reconsider its dismissal ruling, as well as its ruling on her first rule 179(b) motion. The second motion was primarily a restatement of the arguments made in the first rule 179(b) motion with one exception. The plaintiff, for the first time, set forth why her resistance to the motion to dismiss was timely and should have been considered by the court. In the court's ruling on the plaintiff's second motion to reconsider, the court again held that the plaintiff's resistance was untimely.

We conclude the plaintiff's second motion to reconsider was improper. As in *Charles,* the plaintiff's first motion to reconsider was denied and the original judgment remained in effect and unchanged. In addition, although the plaintiff's rule 179(b) motions were not identical, as were the motions in *Doland,* they addressed the same issue—the completeness of the factual record before the court when it ruled on the defendants' motion to dismiss. A party should not be able to extend the time for appeal indefinitely by filing successive motions that address the same issue, even if the party is able to articulate a new argument in support of her position. As the Fifth Circuit noted, a party is entitled to only one bite at the apple. There are sound reasons for this rule. Repetitive motions waste scarce judicial resources and

increase the cost of using the court system. Furthermore, when parties are required to present all arguments on an issue at the same time, the court can comprehensively analyze the issue before it, rather than doing so in a piecemeal, serialized fashion.

In the present case, the plaintiff had a full opportunity to alert the court to any error in its consideration of and ruling on the defendants' motion to dismiss. Having failed to convince the court to change its ruling, the plaintiff should have filed her notice of appeal.

IV. In summary, the plaintiff's second rule 179(b) motion was improper and did not toll the time for appeal. Consequently, the plaintiff's notice of appeal, filed more than thirty days after the court's ruling on her first rule 179(b) motion, was untimely.

**APPEAL DISMISSED.**