**IN THE COURT OF APPEALS OF IOWA**

No. 14-1147
Filed November 25, 2015


**IN RE THE MARRIAGE OF AMY SMITH
AND JOSHUA SMITH**

**Upon the Petition of
AMY SMITH,**
          Petitioner-Appellee,

**And Concerning
JOSHUA SMITH,**
          Respondent-Appellant.
_____


          Appeal from the Iowa District Court for Polk County, Eliza Ovrom, Judge.


          Josh Smith appeals from an order modifying the decree dissolving his

marriage to Amy Smith.  **APPEAL DISMISSED.**


          Christina I. Thompson of Phil Watson, P.C., Des Moines, for appellant.

          Andrew B. Howie and Katie L. Gallow of Hudson, Mallaney, Shindler &

Anderson, P.C., West Des Moines, for appellee.


          Considered by Danilson, C.J., McDonald, J., and Mahan, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Josh Smith appeals from an order modifying the child custody, support, and visitation provisions of the decree dissolving his marriage to Amy Smith. The first issue before us is whether Josh's appeal is timely.[1] Because the issue is dispositive, we need not address the merits of his claims or the facts underlying them.

The parties' marriage was dissolved by a decree that was entered in 2010. Amy filed a motion to modify the child custody provisions of the decree in December 2012, and Josh counterclaimed seeking modification of the decree's physical care and visitation provisions. The court entered its modification order on March 24, 2014.

Josh filed a motion to reconsider on April 8, 2014, challenging the modification order on more than twenty-five grounds. On May 6, 2014, the court granted Josh's motion with regard to four of his claims and denied the remainder. The pertinent part of the order concerns the following finding in the original order: "[Josh's wife] has single coverage available at monthly cost of $44.72, and family coverage for $95.68." The amended order corrects the monthly cost figure by stating: "Josh's wife . . . has single health insurance available at a cost of $44.72 per two-week period, and family coverage available at a cost of $95.68 per two-week period. This equals $96.89 per month for single coverage, and $207.30 per month for family coverage." Using these new figures, the court recalculated

---

[1] Our supreme court raised the timeliness issue sua sponte and ordered the parties to address it in their briefs.

the amount of Josh's child-support obligation and amended the modification order accordingly.

Josh filed a second motion to reconsider on May 21, 2014. The motion reiterates issues identical to those raised in his first motion to reconsider with one exception: for the first time, Josh alleged the court used the wrong figure to calculate the monthly cost of family healthcare coverage, claiming the cost is $139.36 per two-week period, rather than the $95.68 figure the court used in its original and amended orders. Using this higher figure, Josh notes "[t]he net difference for purposes of the health insurance coverage is . . . $205.05 per month" rather than the figure of $110.41 per month the court used to determine his child support obligation in the amended order. The court denied Josh's second motion to reconsider on June 10, 2014. Josh filed a notice of appeal on July 11, 2014, with a service date listed as July 10, 2014.

Our rules generally require a notice of appeal from a final order be filed within thirty days from entry of the order, judgment, or decree being appealed. Iowa R. App. P. 6.101(1)(b). However, if a timely motion is filed pursuant to Iowa Rule of Civil Procedure 1.904(2), a party has thirty days after the ruling on the motion is filed to appeal. *Id.* In other words, the filing of a rule 1.904(2) motion tolls the statute of limitations. *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005).

Questions arise regarding when the thirty-day period to appeal begins to run when multiple motions to reconsider have been filed. *Id.* at 264. Our supreme court has observed that if a party's rule 1.904(2) motion is denied, the filing of a second such motion will not toll the statute of limitations. *Id.* (citing

*Doland v. Boone*, 376 N.W.2d 870, 872-76 (Iowa 1985)). However, if a party's rule 1.904(2) motion is granted and the court's judgment amended, the filing of a second motion to reconsider by the opposing party tolls the statute of limitations. *Id.* (citing *Farm Credit Bank v. Faught*, 492 N.W.2d 422, 423 (Iowa 1992)). In other words, "the appeal time begins to run when the district court files an order *denying* a timely postjudgment motion, leaving the original judgment 'in effect and unchanged.' Only when the judgment is actually changed, . . . would a second motion to reconsider be appropriate." *Boughton v. McAllister*, 576 N.W.2d 94, 95 (Iowa 1998) (quoting *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989)).

Here, the court granted Josh's rule 1.904(2) motion, resulting in a new order. However, it was Josh, not Amy, who filed the second rule 1.904(2) motion. This is important because the purpose of tolling the time in which a party may appeal following a rule 1.904(2) motion is to give parties the opportunity to ask the court to reconsider an adverse judgment. *See Okland*, 699 N.W.2d at 267. "A party cannot do this until a judgment is entered that is adverse to the party, and a party cannot adequately challenge the potential for an adverse judgment in many cases by resisting an opposing party's request for reconsideration of a favorable judgment." *Id.* The finding Josh complains of in the amended order—the monthly cost of a family healthcare plan—was based on the same figure the court used in its original order. In the modification order, the court found the monthly cost of family coverage to be $95.68. In his motion to reconsider, Josh states "the Court erred in its calculation as the coverage breakdown for [the child's] insurance was for a two week rotation not monthly."

The court corrected its finding regarding the interval at which this cost was assessed, but the figure of $95.68 was not challenged until the second motion to reconsider was filed. The finding that $95.68 is the cost of family coverage (whether that cost is assessed every two weeks or every month) is not a new adverse judgment entered against Josh following his first motion to reconsider. Therefore, a second motion to reconsider is not a valid rule 1.904(1) motion that tolls the time in which Josh may file a notice of appeal. "'The interest of finality requires that parties generally get only one bite at the [reconsideration] apple for the purpose of tolling the time for bringing an appeal.'" *Boughton*, 576 N.W.2d at 96 (quoting *Charles L.M.*, 884 F.2d at 871). "A party should not be able to extend the time for appeal indefinitely by filing successive motions that address the same issue, even if the party is able to articulate a new argument in support of [a] position." *Id.*

Because his notice of appeal was not filed within thirty days of an adverse order, the statute of limitations was not tolled and Josh's notice of appeal was not timely. Accordingly, we dismiss Josh's appeal.

**APPEAL DISMISSED.**